PIERSON
v.
HOLMAN.

---

PIERSON *v.* HOLMAN.

The record of a cause in which there were a judgment by default, writ of inquiry, &c., did not show that process had been served, but stated that the parties appeared by their attorneys. At a term subsequent to that in which the final judgment was rendered, the defendant, on affidavits that he had had no notice of the suit, that he had not authorized the appearance, and that he had a good defence, moved that the judgment be set aside. *Held,* that the motion ought not to be granted, but that an order should be made giving the defendant leave to plead in bar, on or before the calling of the cause at the next term after the order was made, and staying, in the mean time, all proceedings under the judgment, &c.

*Thursday,
January 28,
1841.*

ERROR to the *Allen* Circuit Court.

BLACKFORD, J.—*Pierson* sued *Holman* in assumpsit in the *Allen* Circuit Court. The declaration was filed in *February,* 1837. It does not appear that process was served on the defendant; but the record states that at the *September* term, 1837, the parties appeared by their attorneys. At the *March* term, 1839, judgment was rendered against the defendant by default, the damages assessed by a jury, and final judgment entered accordingly. At the term next after the judgment, viz. the *September* term, 1839, the defendant moved the Court to set aside the judgment. The motion was founded on several affidavits, stating that no process had been served on the defendant; that he had had no notice of the suit; that he did not appear in person or by attorney; that he did not authorize any agent or attorney to appear for him; and that

he had a good defence to the suit. The Court set aside the judgment, and the plaintiff excepted.

The questions involved in this case are fully discussed in *Denton* v. *Noyes*, 6 Johns. R. 296, and in *Critchfield* v. *Porter*, 3 Ohio R. 518, to which we have been referred by the defendant in error. According to those decisions, the judgment in the case before us ought not to have been interfered with further than to let the defendant in to a defence to the action; and that is the opinion we entertain on the subject. We think, therefore, that the judgment should not have been set aside; but that all proceedings under it should have been stayed, until the defendant could have had an opportunity to plead to the action, and have a trial of the cause. The judgment must accordingly be reversed, with instructions to the Circuit Court to make an order that the defendant have leave, on or before the calling of the cause at the next term after the order is made, to plead in bar to the suit; that, in the mean time, all further proceedings under the judgment be stayed on the part of the plaintiff; and in default of such plea, that the plaintiff be at liberty to proceed on the judgment.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, with instructions, &c.

*T. Johnson,* for the plaintiff.

*H. Cooper,* for the defendant.