May Term,
1855.

THE NEW-
CASTLE AND
RICHMOND
RAILROAD
COMPANY
v.
CHAMBERS.

---

THE NEW CASTLE AND RICHMOND RAILROAD COMPANY *v.*
CHAMBERS and Wife.

It was held that a new trial should have been granted to the appellants in the Court below, under the special circumstances shown by an affidavit made in

support of their motion, the statements in the affidavit not having been controverted by the adverse party.

The truth of facts alleged in an affidavit in support of a motion for a new trial, may be controverted by the adverse party.

May Term,
1855.

THE NEW-
CASTLE AND
RICHMOND
RAILROAD
COMPANY
v.
CHAMBERS.

Thursday,
June 7.

APPEAL from the *Cass* Circuit Court.

GOOKINS, J.—*Chambers* and wife, who were the plaintiffs below, claimed damages against the appellants for constructing their road through the plaintiffs' lands. Appraisers were appointed, pursuant to the statute, who assessed the damages at 500 dollars, from which assessment the railroad company appealed to the Circuit Court, where there was a trial and verdict for the plaintiffs for 888 dollars and 88 cents. Motion for a new trial overruled, and judgment. The railroad company appeals.

In support of the motion for a new trial the appellants read the affidavit of *Williamson Wright.*

The affidavit states that "he is director of the *Newcastle and Richmond Railroad Company,* which is now changed under the law of *Indiana* to the name of the *Cincinnati, Logansport and Chicago Railroad Company;* that he is the general agent and superintendent of the line of road north of *Madison* county, and, as such, had full power and authority to employ counsel and manage and control the officers of said company. That under such authority he, with *Cyrus Taber,* a heavy stockholder in said road, called upon Mr. *Daniel D. Pratt,* an attorney, to retain generally his services as attorney for the company, and at such interview it was agreed by and between the parties, as defendant understood, by your affiant, that said *Pratt* was retained and employed as the attorney of the *Newcastle and Richmond Railroad Company* in all cases then pending, except one of one *Henry H. Helm,* in which he was personally employed, and in all cases that might in future arise in which the company was a party; and was to be paid such reasonable fees as might be demanded for such services. That said *Wright* relied upon said employment, and supposed that said *Pratt* was the counsel in said cause, and called upon *Stephen Taber,* a partner of said *Daniel D. Pratt* in the practice of law, to have the wit-

May Term,
1855.

THE NEW-
CASTLE AND
RICHMOND
RAILROAD
COMPANY
v.
CHAMBERS.

nesses subpœnaed, just before the sitting of the Court, and was then informed that Mr. *Pratt* was employed for *Thomas Chambers*, as counsel in his cause. That your affiant called upon Mr. *Pratt*, and found he considered himself as employed by said *Chambers* before his employment by the company. That this was on the first day of the present term of this Court, and your affiant's urgent business required his immediate presence in *Cincinnati*, connected with the road. That he called upon *Daniel D. Pratt*, and told him of his reliance upon him for his legal services, and the inability to have another attorney employed and facts and defence made known, as your affiant's immediate presence was required in *Cincinnati*. That said *Pratt* agreed to continue the case over to the latter part of the second week, and your affiant left expecting to return and in person attend to said suit, as your said affiant understood from said *Pratt* that the said cause should be continued to the third week, if the business should keep the Court so long in session, and your affiant should not return. That your affiant employed no one, nor did any authorized agent employ an attorney, to appear in said cause, in the *Cass* Circuit Court. That said *Wright* is informed that said *Pratt* persuaded one *Henry Swift* to appear in said cause, representing to said *Swift* that said *Pratt* would dismiss said cause, and said *Wright* would be defaulted for not attending to said suit, and advised him, as a friend, to attend to said cause; that said *Swift* was not advised of the defence or the witnesses for the defence. That great injustice will be done said company if a new trial is not granted in this cause. That the party expects to show that the benefits arising from the construction of the road equal all the damages, or are within a small sum of the amount. That they can prove that said *Chambers* has been paid for fencing the road, which, as your affiant is informed, was included in the damages assessed in said cause, and he further states that said testimony, as your affiant is informed was given upon the trial of said cause, could be in part explained and in part rebutted, if an opportunity could have been had by

May Term,
1855.

THE NEW-
CASTLE AND
RICHMOND
RAILROAD
COMPANY
v.
CHAMBERS.

your affiant. No other action was or would have been taken, than to have had the appeal dismissed if your affiant was not present to attend trial." ·

It seems to us that the facts stated in the affidavit ought to have entitled the defendants to, a new trial. It is suggested by the counsel for the appellees that *Swift*, who appeared for the defendants below, was a practising attorney, a brother-in-law to *Wright* and a member of his family, and an employee of the company; and that the suggestion of the plaintiff's counsel to · *Swift* to look after the interests of the company was prompted by courtesy to Mr. *Wright*. We can not judicially take notice of the matters here suggested, as they do not appear in the record; but if they did appear, still the defendants were prejudiced by the unauthorized interference of *Swift*, and that is the controlling feature in the case.

It is insisted that the remedy of the company was against *Swift*, who is not shown to be insolvent. Had the motion for a new trial not been made before judgment, and if his interference had been wholly upon his own motion, and without any suggestion from the opposite party, the position assumed would be entitled to more consideration; though we can not say that even then it would have been their only remedy. *Kent*, C. J., in *Denton* v. *Noyes*, 6 Johns. R. 296, plainly intimates that he would go further. In that case the judgment was retained, lest the plaintiff should be prejudiced by the loss of his lien, in consequence of a misplaced confidence in the attorney who appeared, and whom he supposed to have authority; but the defendant was let in to make his defence. The same course was directed by this Court, in the case of *Pierson* v. *Holman*, 5 Blackf. 482.

The facts stated in the affidavit are not controverted as they might have been, if untrue, and we think that under the particular circumstances of the case a new trial should have been granted.

As the motion for a new trial was made before judgment, the case is to be distinguished from those in which a judgment already rendered has been ordered to stand as

May Term,
1855.

an ultimate security for the plaintiff for whatever amonnt might be finally recovered.

*Per Curiam.*—The judgment is reversed. Cause remanded, with instructions to the Circuit Court to grant the defendant a new trial, upon the payment by him of all the costs in the action.

*H. P. Biddle*, for the appellants.

*D. D. Pratt* and *S. C. Taber*, for the appellees.