———o———

THE FLOYD COUNTY AGRICULTURAL and MECHANICAL ASSOCIATION *v.* TOMPKINS and Others.

RECORD.—After an appearance, the judgment being rendered for want of an answer, the process by which the defendant was brought into court forms no part of the record. Page 352.

PROCEEDINGS FOR REVIEW.—The party for whom an attorney has appeared without authority can not obtain relief in proceedings for review. Page 352.

APPEARANCE BY ATTORNEY WITHOUT AUTHORITY—REMEDY.—It may be on a proper application, showing that a judgment had been rendered for the want of an answer, on an appearance by an attorney without authority and without notice to defendant, the court would allow an issue to be formed, and the merits of the case tried; but the court, in order to protect the defendant from the act of the attorney, and at the same time to save the plaintiff harmless, will let the judgment stand, but stay all proceedings, and let the defendant in to plead, if he has any defense. Page 352.

APPEAL from the *Floyd* Circuit Court.

GREGORY, J.—The appellants, by *Samuel H. Owen*, a receiver appointed by the Court of Common Pleas of *Floyd* county, filed a complaint against the appellees for a re-

view of the proceedings and judgment of the *Floyd* Circuit Court, wherein the defendants were plaintiffs and said association was defendant.

The complaint avers that, on the 24th of *April*, 1861, the defendants filed a complaint in said court against the appellant, and on the 25th (the next day) a judgment was rendered, on the complaint, against said association, and in favor of the defendants, for $1,150 and costs; that no process was served upon the association, nor had said association any knowledge or notice whatever of the pendency thereof; that *Alexander Dowling*, Esq., who entered an appearance for the association, and suffered judgment to be rendered against it for want of a plea, had no authority so to do, except a writing given him by *Thomas H. Collins*, one of the plaintiffs in the suit, who therein styled himself president of said association, and authorized *Dowling* to appear for said association in said suit, and confess a judgment for the amount of a note filed with the complaint; but *Collins* had no authority from said association to authorize such appearance or confess such judgment, nor was there any proof made of such written authority; nor was there any affidavit made or filed by said association, or any person on its behalf, that the debt for which said judgment was rendered was just and owing, and that such confession was not made for the purpose of defrauding its creditors; but such judgment was suffered to be taken by default to avoid the necessity of proof of such authority and of such affidavit; that the written authority given by said *Collins* to said *Dowling*, to enter said appearance, was filed by said *Dowling* with the papers in said suit, but can not now be found; that after said judgment had been rendered, the said defendants sued out an execution on said judgment, and on the 24th of *November*, 1861, said execution was returned by the sheriff of said county, no property found, etc.

That afterward, on, etc., the said defendants filed in the Court of Common Pleas of said county their com-

plaint to obtain proceedings supplementary to execution against said association and *John B. Winstandly*, who was treasurer thereof, and, as such treasurer, had some money in his hands belonging thereto; said defendants filed in said Court of Common Pleas, with the complaint last mentioned, the original files pertaining to said suit in said Circuit Court, consisting of the complaint, the written authority given to *Dowling* by *Collins* to enter an appearance for said association, and the execution which was issued on said judgment; since that time said files have not been in the custody of the clerk of said Circuit Court, and that therefore a complete record thereof can not be made; that since said files were so taken from the records of said Circuit Court and placed on file in said Court of Common Pleas, by the defendants, in their proceeding supplemental to execution, said written authority, given to *Dowling* by *Collins*, has been, by some person unknown to the plaintiff, abstracted or lost, and a copy thereof can not be furnished; that it was substantially a power of attorney, authorizing *Dowling* to appear and confess a judgment in said suit for the amount of the note filed with said complaint, and was signed, "*Thomas H. Collins*, President *Floyd* County Agricultural and Mechanical Association." Copies of said complaint, docket entry, and execution are filed and made parts of the complaint in the case in judgment. It is further averred that at the time of the rendition of said judgment, the association was and has ever since been insolvent, and without property or assets sufficient to pay all its creditors; and by said unjustifiable proceeding, if said judgment and execution shall not be set aside, the said defendants will obtain undue advantage over the other creditors of said association, inasmuch as by proceedings supplementary to execution they may have obtained a lien on the property of said association, which will prevent an equitable distribution thereof. Prayer, that the record of

said judgment be corrected and perfected, by placing on
file a copy of said power of attorney to said *Dowling* for
a review of the judgment and execution; that the same
may be reversed, annulled, and set aside for the manifest
errors of law in the proceedings therein before stated; and
for general relief.

The docket entry filed with the complaint shows that
the appellant appeared to the action by *Alexander Dowling*,
her attorney; and, on motion of the appellee, a rule was
entered against the defendant to answer on or before the
next calling of the cause; and that, the defendant failing
to answer, the case was set down for trial upon the com-
plaint, exhibits, and proofs adduced; and that, upon con-
sideration, the court found that there was due the plain-
tiffs from said defendant the sum for which the judgment
was rendered. A demurrer was sustained to this com-
plaint in the court below, and this appeal is prosecuted to
reverse the judgment rendered on the demurrer.

The statute in relation to proceedings to review judg-
ments provides, that "the complaint may be filed for any
error of law appearing in the proceedings and judgment,
or for material new matter discovered since the rendition
thereof, or for both causes, without leave of court." 2 G.
& H. 280, sec. 587.

It seems to us clear that there is no error of law ap-
pearing in the proceedings and judgment sought to be
reviewed.

It is insisted that as *Collins* was one of the plaintiffs, he
could not, in his capacity as president of the corporation
sued, give a power of attorney to enter an appearance to
the action. That may be admitted for the sake of the ar-
gument, and yet it does not follow that there is any error
*appearing* in the proceedings and judgment. *Collins*, as the
chief officer of the corporation, was the proper person to
sign the power of attorney; if he, however, acted without
authority, this is not the appropriate remedy. The power

of attorney was regular on its face; it plainly authorized an appearance to be entered; and the fact that it further authorized *Dowling* to confess judgment, did not in any way abridge his power to enter the appearance.

But after an appearance, the judgment being rendered for want of an answer, the process by which the defendant was brought into court forms no part of the record. 2 G. & H. 273, sec. 559.

It is claimed that it was the duty of the court below to relieve the party for whom the attorney appeared without authority, under the provisions of section 775, (2 G. & H. 328,) at any time before payment of the judgment; but clearly the remedy under this last section, if the party is entitled to it, can not be obtained in a proceeding for review. It may be, on a proper application, showing that a judgment had been rendered by default, or for the want of an answer on an appearance by an attorney without authority, and without notice to defendant, even after judgment, the court would allow an issue to be formed, and the merits of the case tried; but the court, in order to protect the plaintiff from suffering by the act of the attorney, and at the same time to save the defendant from injury, will let the judgment stand, but stay all proceedings, and let in the defendant to plead if he has any defense. *Danton and Others* v. *Noyes*, 6 Johns. N. Y. 296; *Ellsworth* v. *Campbell*, 31 Barb. 134; *Pierson* v. *Holman*, 5 Blackf. 482.

But it is insisted that this complaint, although not good in review, ought to be sustained as a bill in chancery to set aside the judgment for fraud.

There is no allegation that the debt for which the judgment was rendered was not due, and owing from the defendant to the plaintiff therein at the time of its rendition.

There can be no ground for setting aside the judgment as against the appellant.

The question of priority of liens between creditors

might present a very different question, but that is not now before us, and we decide nothing about it.

Judgment affirmed, with costs.

*Thomas L. Smith* and *M. C. Kerr*, for appellants.

*John H. Stotsenberg*, *Thomas M. Brown*, and *John S. Davis*, for appellees.