Branger vs. Buttrick and Hill.

=====

BRANGER vs. BUTTRICK and HILL.

PRACTICE: *Second motion for new trial after first denied.*

Where a motion for a new trial is denied, without any provision being asked for by counsel or inserted in fact in the order, that the motion may be renewed, the mover cannot obtain a reconsideration of that order, after the expiration of the term, by a new motion based on the same grounds as his former one.

APPEAL from the Circuit Court for *Iowa* County.

Branger vs. Buttrick and Hill.

At the March term, 1870, of said court, a stipulation was entered into between the defendants in this action (who are attorneys at law) and the plaintiff's attorney, by which "no action" was to be "taken by either party" therein until the 5th of April of that year, and notice of trial was waived by both parties. On the 5th of said month of April, *Mr. Hill* telegraphed from Chicago, Ill., to Mr. Henry, of the firm of Henry & Smith, at Mineral Point, stating that he was sick and was a material witness in the cause, and asking Mr. Henry to procure a continuance of the cause. On the 6th, the cause being reached, a motion for the continuance thereof was made by Mr. Smith of said firm, based upon the affidavit of Mr. Henry, which stated, in substance, that *Mr. Hill* resided in the city of Chicago, and that, as affiant was informed and believed, said *Hill* was a material witness for the defendants, and was prevented by sickness from being present at that term of court. The motion for a continuance was denied. On the 7th of said month of April, judgment was rendered against the defendants for $15,551.35. On the same day, a motion to set aside the judgment and verdict and for a new trial was made in behalf of *Mr. Hill*, by Messrs. Henry & Smith, who describe themselves therein as attorneys for said defendant for the purpose of making this motion only. The grounds for such new trial assigned in the motion are, that the cause was not at issue, and that no defense was made on the trial. The motion is based on "the papers heretofore filed and the proceedings heretofore had" in the cause, and upon an affidavit of *Mr. Hill*, made at Chicago, Ill., on the 5th of April, which stated that the affiant was a material and necessary witness for the defense, and that by reason of sudden and severe illness he would not be able to attend to any business for several days. The motion for a new trial was denied; and afterwards an execution was issued, and certain property sold to satisfy the judgment.

At the June term following, *Mr. Hill* moved the court "that the motion heretofore made herein for a new trial on the merits,

be reconsidered, and that the defendants may be relieved from the order denying said motion for a new trial on the merits, and that the verdict rendered herein, and the judgment entered thereon, be vacated and set aside, and for such other or further order in the premises as may be just and proper." The motion is based "upon the papers and pleadings heretofore filed, and the pleadings heretofore had" in the cause, and upon the affidavits of *Mr. Hill* and his physician. The former affidavit states that affiant has employed no counsel for himself in defending said action, but appears for himself therein; that in December, 1869, he caused to be served his answer to the amended complaint in the cause; that the facts set up in said answer are all within his knowledge, and he is the only witness by whom they can be proved; that he expects to testify to those facts, as a witness on the part of defendants, on the trial of the cause; that he is a necessary and material witness for defendants touching the matters at issue in said cause; that he is thoroughly conversant with the facts in the cause, and that defendants have a good and substantial defense on the merits to the whole and every part of plaintiff's demands; and that all and singular the facts stated in the answer on file to the amended complaint are true to affiant's own knowledge. The affidavit then recites the stipulation above mentioned, and states that, pursuant thereto, affiant made preparations for the trial of the cause, and fully expected to leave Chicago on the morning of April 4th, so as to be present at the place of trial on the morning of the 5th; that on Sunday, the 3d of that month, he was taken violently sick, and on the 4th was advised by his physician that he could not safely leave home or attend to any business for some days, and that he then telegraphed to his friend Mr. Henry to obtain a continuance of the cause, etc. After reciting the proceedings on the motion for a continuance, the affidavit states that on the 5th of April affiant made the affidavit above described; that he was too ill to examine the books or the practice of the Wisconsin courts, and fully believed that said affidavit was suf-

ficient; that he caused the same to be mailed to Mr. Henry, for the latter to take such action as might be necessary; but that a verdict and judgment were rendered before Mr. Henry received said affidavit. After reciting the proceedings upon the former motion for a new trial, the affidavit further states that " by reason of the excusable neglect of the affiant, and owing to his sickness, and to the fact of his being a material witness, and his own counsel, and a party in the cause, said proceedings were had and decided adversely against him." So much of this affidavit as relates to the condition of affiant's health at and about the time of the trial of the cause, was confirmed by the affidavit of his physician.

The court made an order awarding a *venire de novo* in the action, and directing "that the verdict of the jury to be hereafter impannelled to try this action shall stand and be the basis for the judgment herein, unless set aside by the court for good cause, and that in the meantime the judgment heretofore rendered shall stand until the said new trial shall be had," &c. The order is made upon condition that defendants pay the costs of the previous trial within ninety days; and it further directs that if, upon the new trial, plaintiff shall recover a larger sum than at the first trial, he may, at his option, set aside all proceedings under the present judgment, and have a a resale of the defendant's property to satisfy such larger judgment; and if he shall recover a *less* sum, he shall not be required to set aside said proceedings unless defendants shall pay him the costs incurred in the sale made under the existing judgment.

From this order the plaintiff appealed.

*Moses M. Strong*, for appellant, contended, 1. That the action was not *pending* when the motion was made, final judgment having been rendered, a motion for a new trial denied, execution issued and property sold. 2. That the action being against the defendants as copartners, a new trial could not properly be granted on the motion of only one of them. 3. That the question of a new trial was *res adjudicata* by the denial of the first

motion, made upon the same grounds. To this point he cited *Hungerford v. Cushing*, 8 Wis., 324; *Hill v. Hoover*, 9 id., 15; *Pierce v. Kneeland*, 9 id., 23; *Cothren v. Connaughton*, 24 id., 134; *Greatheard v. Bromley*, 7 Term, 455; *Schuman v. Weatherhead*, 1 East, 537; *Simpson v. Hart*, 1 Johns. Ch., 91; *Willett v. Fayerweather*, 1 Barb. (S. C.), 72; *Dodd v. Astor*, 2 Barb. Ch., 395; *Pattison v. Bacon*, 12 Abb. Pr. R., 142; *Bellinger v. Martindale*, 8 How. Pr. R., 113; *Lovell v. Martin*, 21 id., 238; *Dollfus v. Frosch*, 5 Hill, 493; *Allen v. Gibbs*, 12 Wend., 202; *Mitchell v Allen*, 12 id., 290; *Craig v. Bagby*, 1 Monroe, 148; *Trible v. Frame*, 3 id., 51.

*E. J. Hill*, respondent, in person. [No brief.]

The following opinion was filed at the January term, 1871.

DIXON, C. J. It may be the misfortune of the defendant *Hill* that his attorneys should have moved for a new trial at the term in April, or that, having moved, and the motion proving unsuccessful, they should not have applied to, and obtained leave from the court at that time to renew the motion, making such permission a part of the order. As the case now stands, permission to renew or make another motion not having been reserved or granted when the first motion was overruled, it is obvious there can be no relief in the form of a second motion for a new trial, or other motion or proceeding of the same nature, based upon the same grounds upon which the first motion was made. Such is the precise character of this proceeding. The defendant moves the court to reconsider the first motion on the merits, and to relieve him from the order denying the same, and for a new trial on the merits of the cause. He does this after the term at which the first motion was heard, and upon the identical grounds upon which that motion was overruled. It is not a case of mistake, inadvertence, or surprise, or excusable neglect, within the meaning of the statute, R. S., ch. 125, § 38. If it were, then no order upon motion made by the party himself, represented by counsel who are present and heard, and who

Branger vs. Buttrick and Hill.

may, if deemed advisable, apply for and obtain leave to renew, would be *res adjudicata* and binding, and so one of the most salutary and best settled rules of law with respect to the effect of such orders would be abrogated and lost. The statute was never intended to apply to such a case, and the granting of the order by the court below was clearly irregular and wrong, within all the authorities, very many of which, in this court and elsewhere, are cited by the learned counsel for the appellant.

*By the Court.*—Order reversed.

On a motion for a rehearing, *Mr. Hill* contended that the record showed only a request made of Mr. Henry to procure a *continuance*, and showed that Messrs. Henry & Smith had no authority whatever to appear as his attorneys for the purpose of moving for a new trial. 1. The authority of an attorney may be questioned on motion, and by affidavit. *Harris v. Galbraith*, 43 Ill., 309; *Standefer v. Dowlin*, Hemps., 209; *King v. Oliver*, 2 Wash., C. C., 328. 2. A party for whom an attorney appears in court, without authority, is not concluded by the acts of such attorney, *Chritchfield v. Porter*, 3 Ohio, 518; *Denton v. Noyes*, 6 Johns., 297; 23 Ind., 348; *De Wolf v. Strader*, 26 Ill., 225. 3. An attorney cannot delegate his authority. *Hitchcock v. McGehee*, 7 Porter, 556; *Johnson v. Cunningham*, 1 Ala., 249; *Cornelius v. Nash*, Breese, 98; *Morgan v. Roberts*, 38 Ill., 65. 4. Under these circumstances, the respondent had a right to move for relief from the order and judgment, under sec. 38, ch. 125, R. S.

*Mr. Strong*, for the appellant, contended: 1. That the terms of *Mr. Hill's* telegram to Mr. Henry, and of his affidavit on the second motion, which states that he caused his affidavit of April 5th to be mailed to Mr. Henry, " for said Henry to take such action in said matter as might be necessary," sufficiently show an employment of said Henry, and constructively of the law firm of Henry & Smith, to perform any act as attorneys, which, in their judgment, might be proper to defeat the entering up of a final judgment. 2. That the second motion was not based upon

the ground that the first was made without authority, or was otherwise irregular; and it is too late to take that objection for the first time in this court.

The motion for a rehearing was denied at the June term, 1871.