## HUNTER *v.* ELLIOTT.

DISCRETION.—ABUSE OF.—An application to be relieved from a judgment, under section 99 of the code, is addressed to the discretion of the court, and unless it appears that the court below has abused that discretion, the Supreme Court will not interfere.

APPEAL from the *Warren* Common Pleas.

ELLIOT, J.—This was an application by the appellant, filed at the *June* term of the court, 1866, under the latter clause of section 99 of the code, to set aside a judgment rendered at the *February* term preceding, against him, and in favor of *Elliott*, the appellee.

The judgment was rendered on a promissory note, executed by *Samuel P. Hunter*, the appellant, to *Samuel H. Hunter*, on the 12th of *June*, 1857, for $162 50, payable on the 25th of the following *December*. The appellant appeared to the action on the note, and pleaded payment thereof.

This application was in the form of a written motion, stating the reasons for setting aside the judgment. It was also supported by the affidavit of the appellant, in which the grounds of the motion are fully stated. It alleges, in substance, that the note was fully paid while in the hands of *Samuel H. Hunter*, the payee, and before its transfer to *Elliott;* that the payment was made through *Charles H. Hunter*, the appellant's brother; that said *Charles H.* was indebted to the appellant in the sum of $1,000, and agreed with him to pay said note to *Samuel H.*, and that the amount so paid should be credited by the appellant on the indebtedness of said *Charles H.* to him; that said *Charles H.* did pay said note to *Samuel H.*, while he was the owner thereof, and took up the same from the said *Samuel H.;* that *Charles H.* afterwards reported the fact of such payment to the appellant, who, thereupon, credited the amount on the indebtedness of *Charles H.* to him. All of which he could prove by said *Charles H.* That he did not make any effort to pro-

cure his evidence on the trial of said cause at the *February* term, for the reason that at the time the recent rebellion broke out, said *Charles H.* was living in the State of *Louisiana*; that he soon afterwards enlisted in the *Union* army, "and was in many dangerous engagements with the enemy;" that for eighteen months prior to the trial of said cause, the appellant, and the other brothers and sisters of said *Charles H.*, had been unable to have any communication with him, during all of which time the letters sent by the family to said *Charles H.* were returned to them from the dead letter office, and they all concluded and believed that he was dead; that the appellant knew no better until after the trial of said cause, when letters were received from him, but not in time to enable him to procure his affidavit to be filed with said application; that he knew of no other witness by whom he could prove the facts; that said *Charles H.* is residing in *Mill Creek* parish, in the State of *Louisiana.* The affidavit was treated in the court below as a complaint, and to it, and also to the motion, the court sustained a demurrer, refused to set aside the judgment, and rendered a judgment against the appellant for costs.

The statute authorizes the court, in its "discretion," at any time within one year, to relieve a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect, and to supply an omission in any proceeding. When the discretionary power of the court has been exercised, there must be a clear case of the abuse of that discretion to justify the interference of this court. 2 Ind. 354; 4 *id.* 200; 5 *id.* 94; 12 *id.* 91. We do not think this case presents such an abuse.

It is stated in the affidavit, that the note was paid for the appellant and taken up by *Charles H. Hunter,* the witness by whom he says he can prove the fact, but he fails to explain how the note afterwards got out of the possession of said *Charles H.* and into the possession of *Elliott,* the plaintiff in the suit. If the note was paid by *Charles H.* to *Samuel H. Hunter,* the payee, the latter must know that fact.

Neither his absence or death is alleged in the affidavit. Was any effort made to prove the payment by him on the trial? It does not appear by the appellant's showing that he could have any inducement, or interest, in concealing the truth.

Actual hostilities terminated nearly a year before the rendition of the judgment, and during that time, at least, there had been a free communication between the people of this State and those of *Louisiana.* Were any letters written during that period, or other efforts used to ascertain the fate of *Charles H. Hunter,* the witness? The obscurity of these matters may have suggested themselves to the mind of the judge below, and had some weight or influence in directing his discretion.

The judgment is affirmed, with costs.

*J. H. Brown* and *G. D. Wagner,* for appellant.

*J. Park* and *S. T. Miller,* for appellee.