## BUSH *v.* BUSH ET AL., AND BUSH *v.* BUSH.

PRACTICE.—*Nunc Pro Tunc Entry.*—*Appearance To Motion.*—Where a party has notice to appear to a motion to correct a record by an entry *nunc pro tunc*, and no objection is made to the notice in the court below, and the party appears to the motion, and the sufficiency of the notice is not tested by a motion to reject or strike out, no question is presented thereon for review.

EVIDENCE.—*Supreme Court.*—Where evidence is conflicting, but preponderates in favor of the finding below, the Supreme Court will not disturb the finding.

PLEADING.—*Complaint for Review.*—A complaint to review a judgment on the ground that there was no appearance, answer, or default of the defendant seeking to have the judgment reviewed is bad if the record shows that there was an appearance and that an answer was filed.

COMMENCEMENT OF ACTION.—The filing of an amended complaint, after a demurrer has been sustained to the original, is not the commencement of the action.

PRACTICE.—*Relief from Judgment Taken Through Mistake, etc.—Amendment.*—If proceedings to set aside a judgment, under section 99 of the code, are commenced within two years after the rendition of the judgment, the relief may be granted after the expiration of two years, and the pleadings are subject to amendment as in other cases.

SAME.—*Diligence.*—The doctrine applicable to fraud in contracts and judgments, in relation to the diligence that must be used in bringing the action, has no application to a proceeding under section 99 of the code, as amended, to set aside a judgment.

SAME.—*Discretion of Court.*—Under section 99 of the code, as amended, where it is shown that the default was taken through mistake, inadvertence, surprise, or excusable neglect of the party applying for relief, the court has no discretion, but must grant relief.

APPEARANCE.—*Defect in Process.*—An appearance to an action by an attorney prevents an objection to the process.

SAME.—*Appearance by Attorney Without Authority.*—An appearance to an action by an attorney, although unauthorized, is binding upon the party until set aside.

PRACTICE.—*Relief from Mistake, etc.*—Where the record of a cause shows that a defendant was served with process, appeared by attorney, and by attorney joined with other defendants in an answer, and that there was a trial by jury, and a judgment and decree rendered on a finding of the jury, such party is not entitled to be relieved from such judgment on the ground of irregularity in the service of process, ignorance of the nature of the action, and that all of the proceedings were had and determined without his knowledge.

NUNC PRO TUNC ENTRY.—A *nunc pro tunc* entry is made as of the time the proceedings of the court actually took place, and becomes a part of the entry of that date, the same as if entered then.

From the Marion Circuit Court.

*F. M. Finch* and *J. A. Finch,* for appellant.

*N. B. Taylor, F. Rand,* and *E. Taylor,* for appellee.

BUSKIRK, J.—Upon the suggestion of the court, and by the agreement of the parties, the above cases have been consolidated, and will be considered together. The matter has become very complicated and will require a careful and full statement of the various suits and issues involved to present in an intelligible manner the questions of law presented for our decision.

On the 5th day of January, 1867, Hannah Bush obtained a judgment in the court below, against one Jacob Bush, a son of the appellant, for a divorce and two thousand dollars alimony, and an order was made requiring him to pay monthly a certain sum of money, for the support, maintenance, and education of the children of the parties, the custody of whom was given to Hannah.

On the 25th day of January, 1870, Hannah Bush filed her complaint in the court below, against Conrad Bush and Elizabeth Bush, his wife (since deceased), Jacob Bush, and

John B. Cleveland, to subject certain real estate, held by the appellant, to the payment of the first named judgment, upon the alleged ground that it was held by him fraudulently for Jacob Bush. Cleveland was made a party, and afterward others were made parties, to 'foreclose any interest they might have in the property, and bar their right of redemption, if any there was. The court, on the 14th of January, 1870, rendered a decree subjecting such property to sale to satisfy the decree for alimony and the monthly instalments for the support of the children.

On the 8th of February, 1872, the appellant filed his complaint for relief from the last named judgment. The appellees Taylor and Rand were made defendants, because they claimed to have some interest in the real estate sold under said judgment.

The complaint originally consisted of one paragraph, to which a demurrer was sustained; whereupon the appellant took leave to amend and filed what is termed the second paragraph, but which is in reality a substituted complaint and takes the place of the first paragraph, which went out of the case and should not have been copied into the record. The appellant also filed a third paragraph of complaint. Demurrers were sustained to each of the paragraphs, to which ruling the appellant excepted, and refusing to plead further, judgment was rendered on the demurrers for the appellees. From this judgment the appellant appealed to this court and assigned for error the sustaining of the demurrers to the second and third paragraphs of the complaint.

The second and third paragraphs of the complaint contain, in substance, the following averments:

That a judgment had been taken against him in favor of Hannah Bush, subjecting all of his property to the payment of her judgment against Jacob Bush; that an execution had been issued thereon, under and by virtue of which a part of the property had been sold and bought by Hannah Bush, for herself and her co-defendants, Taylor and Rand; that such judgment had been taken against him wholly without

any knowledge on his part of the pendency of said action, and was taken under the following facts and circumstances: That he is seventy-seven years of age, of German birth, and wholly ignorant of the English language and forms of legal procedure; that the appellee Hannah, knowing this ignorance, and knowing that if the summons was read to him in the English language, and no copy left with him, he would not understand the meaning or purport thereof, did not order the sheriff to explain the contents and meaning of the summons, or to leave a copy with him; that the officer to whom the summons was delivered for service, well knowing his ignorance of the English language, and knowing that if the summons was read to him and the contents thereof not translated, and no copy left with him, he would not understand the purport of the summons, served the same by reading it to him in the English language, and did not explain or translate it to him, and did not leave a copy of the same with him; that by reason of such ignorance of the English language, and by reason of the failure of the said Hannah to order the said sheriff to explain the contents of the summons or leave a copy of the same with him, and by reason of the failure of the officer to explain or translate the summons to him or to leave a copy with him, he did not understand the contents, meaning, and purport of the summons, and did not know that he had been summoned to answer the complaint of Hannah Bush; that he had heard of the suit between Hannah and Jacob for divorce, and that the officer who had this summons was the same who had frequently come to his house for Jacob; that he thought the paper the officer had was for Jacob, or concerning the said suit between Hannah and Jacob, and not anything affecting him; that he was not then in fact and truth informed that any suit was being instituted against him, but was wholly under the mistake of supposing that the said Jacob was alone concerned; that the said judgment was obtained against him while he was still in ignorance of the true nature of the suit; that not knowing that the suit was against him,

he did not employ any counsel or authorize any one to
employ counsel to defend him in said suit; that by a copy
of the complete record of said suit filed, it will appear that
on the 25th day of May, 1869, a rule was taken against him
to answer the complaint of the said Hannah; that he did
not answer in person or by attorney; that the court pro-
ceeded thereafter with said suit without having taken a
default against him; that all of said proceedings were had
and determined without his presence or knowledge, and with-
out any presentation of his defence; that the whole of the
proceedings in said trial were by and between the said Han-
nah and his co-defendant, without appearance or pleading
by him; that he did not know that said suit affected or con-
cerned him, or that any judgment was rendered which
affected his property, until the summer of 1871, when he
was informed that his property had been sold by the sheriff
and would be taken from him; that the conveyances of the
land taken by the said judgment of the said Hannah were
fairly and honestly obtained; that he paid therefor a valua-
able consideration as therein expressed; and that there was
no fraudulent collusion between him and Jacob Bush, or
between him and any other person, in obtaining title to the
said property.

The third paragraph recites the recovery of the judgment
in favor of Hannah against the appellant, setting aside as
fraudulent the conveyances from Jacob Bush to appellant
and subjecting the same to sale for the satisfaction of the
decree in favor of Hannah and against Jacob, and prays for
a review of such judgment, because the court heard, tried,
and determined said cause, and adjudged upon his rights
without any appearance by him, or by any one authorized by
him to appear, and without any answer, demurrer, or other
pleading put in by him to said action, and without any
default being taken against him, all of which appears of rec-
ord.

By the second paragraph, the appellant sought to be
relieved of such judgment under section 99 of the code as

amended, 3 Ind. Stat. 373, because the judgment was taken by his excusable neglect.

By the third paragraph, the appellant sought a review of the proceedings under section 586, 2 G. & H. 279, for error on the face of the record, because the judgment was taken without appearance, issue, or default.

On the 28th day of May, 1873, the appellees filed in this court a written motion, supported by affidavits, for a writ of *certiorari* to the clerk of the court below, requiring him to certify and transmit to this court a properly certified transcript of the record and proceedings in the case of *Hannah Bush* v. *Jacob Bush, Conrad Bush, and others*, mentioned and set forth in the record in this cause, which were had and finally done and entered on the records of the court below in the said cause, on the 5th day of April, 1873, on the motion of the said Hannah Bush to correct the record in the said cause, so as to show that said Conrad Bush appeared and filed an answer in said cause.

A *certiorari* was awarded, and the clerk of the court below in obedience to said writ has certified up the record and proceedings had on the said motion, by which it appears that the court below, after the appeal had been perfected in this cause, on motion, notice, and proof, had found that the original record was incorrect in not showing that the appellant had appeared by counsel and filed an answer in said cause, and that the court thereupon ordered and adjudged that the said record should be amended, now for then, so as to make it appear that, upon the original hearing of the said cause, the appellant appeared by attorney and filed an answer thereto.

The appellees have filed in this court an answer in bar of this appeal. The answer recites all the facts hereinbefore stated in this opinion, and then alleges, in substance, that on the 21st day of July, 1871, Hannah Bush filed a supplemental complaint in said cause, against Jacob Bush, Conrad Bush, and Samuel H. Brumfield, showing that, after the sale of certain lots which are described in the first and sec-

ond judgments, there remained due and unpaid of said decree of two thousand dollars for alimony the sum of three hundred and twenty-nine dollars and four cents, and of the decree for monthly payments for the support of the children the sum of eight hundred and eighty-nine dollars and fifty-four cents ; that pending the suit commenced January 25th, 1869, said Conrad Bush conveyed thirteen acres of land, which had been fraudulently conveyed to him by Jacob Bush, to Samuel H. Brumfield ; that such conveyance was made without any consideration and for the fraudulent purpose of cheating the said Hannah and hindering and delaying her in the collection of the said decree for alimony and the support of her said children; that the said defendants were summoned to answer said complaint, the said Jacob by reading and the others by reading and copy; that Jacob Bush and Samuel H. Brumfield appeared and answered, and Conrad Bush suffered a default; that on the 4th day of March, 1873, the said cause was tried, and a decree entered, in which the court found, first, that the amount due Hannah Bush, on the decree of June 14th, 1870, at the date of the sale by the sheriff of a part of the real estate described in said decree, was three thousand sixty-two dollars and fifty-four cents; that on the 16th day of July, 1870, the sheriff of said county sold under the decree of June 14th, 1870, subjecting the real estate of the said Jacob Bush, which had been fraudulently conveyed to Conrad Bush, lots eleven and twelve, in said decree described, to said Hannah, for two thousand eight hundred dollars; that after deducting the sum of sixty-six dollars and fifty cents costs of such sale, there was a credit of two thousand seven hundred and thirty-three dollars and fifty cents to be deducted from said sum of three thousand sixty-two dollars and fifty-four cents, and left unsatisfied of said decree the sum of three hundred and twenty-nine dollars and four cents ; that the decree for monthly payments for the support of the children remained wholly due and unpaid, and there was at such time due the said Hannah on said decree the sum of eight hundred and eighty-nine dollars

and fifty-four cents; second, that the said Samuel H. Brumfield was a *lis pendens* purchaser of said real estate; that the conveyance from Jacob to Conrad was without consideration and fraudulent, and that the conveyance from Conrad to Brumfield was without consideration and fraudulent, in which fraud the said Brumfield participated; that the said thirteen-acre tract of land should be sold by the sheriff, to satisfy the amount so found due; that a decree was rendered in accordance with the finding of the court; that there was no exception to such decree; there was no motion for a new trial, and no appeal; and that said judgment remained in full force and unreversed. To this answer the appellant has demurred.

The above statement shows the history and present *status* of case number 3351, being the first case stated at the commencement of this opinion.

The other case was a proceeding by notice and motion to amend the record of the court below in the suit commenced on the 25th day of January, 1870, to set aside as fraudulent the deeds from Jacob to Conrad Bush and to subject such real estate to sale for the payment of the decrees rendered in the first action between the said Hannah and Jacob. It was alleged in the notice and motion that the record was incorrect in not showing affirmatively that Conrad Bush appeared to such action and filed an answer. All the persons made defendants thereto appeared and answered. There was a trial by the court and a finding that the record was incorrect and should be amended. The court then ordered an entry made *nunc pro tunc* amending said record.

The amendment of the record having been certified and made a part of the record in the other case, we shall for the purposes of that case have to regard the record as amended and showing an appearance and answer on the part of the appellant, unless we find that the amendment was improperly made; but as the cases have been consolidated and are to be decided together, it is convenient and proper that we should, in the first place, determine whether the correction was prop-

erly made. It is, however, insisted by counsel for appellees, that the record presents no question for our decision, and after a careful examination of the record we have reached the conclusion that the objection is well taken. There was no objection in the court below to the notice. The parties appeared without objection. The sufficiency of the motion was not tested either by a motion to reject or strike out. The reversal of the judgment ordering the correction of the record is demanded upon the sole ground that it is not supported by the evidence. We have carefully read and duly considered all the evidence in the record. The point of controversy was this : Jacob Bush confessedly appeared by Perkins & Perkins, his attorneys, who filed an answer for him. The answer purports to be for all the defendants. The entry made by the clerk only showed that Jacob Bush appeared and filed an answer. The amendment sought and obtained was to show that Conrad Bush also appeared and filed an answer. All the papers in the original case, together with the minutes of the court and the various entries made in the different records by the clerk, were read in evidence. A large number of affidavits were also read. There is an irreconcilable conflict in the affidavits. Being unable to harmonize the evidence, we have compared, weighed, and considered it with great care and have reached the conclusion that it very decidedly preponderates in favor of the finding of the court. In such a condition of the evidence, we cannot disturb the finding of the court upon the question of fact. *The Madison, etc., R. R. Co.* v. *Taffe,* 37 Ind. 361.

We are of opinion that the court committed no error in finding that the appellant appeared by attorney and filed an answer.

The judgment is affirmed, with costs.

We return to the consideration of the other case.

As the record now stands, there was no error in sustaining the demurrer to the third paragraph of the complaint.

That paragraph sought to review the judgment, because there was no appearance, answer, or default against appellant. The record now shows there was an appearance and answer filed, and consequently there was nothing to review. The amendment has relation back to and is operative from the date of the original judgment.

This leaves for our consideration the action of the court below in sustaining the demurrer to the second paragraph of the complaint, and our ruling upon the demurrer of appellant to the answer of appellees.

It is insisted by counsel for appellees that the ruling of the court below was correct, because that paragraph of the complaint was filed more than two years after the original judgment was rendered, and that, therefore, the court could grant no relief, however excusable the neglect may have been. We do not think the objection is tenable. Under the original section 99, this court held that the relief must be granted within a year from the rendition of the judgment. *Woolley* v. *Woolley*, 12 Ind. 663; *Sturgis* v. *Fay*, 16 Ind. 429; *Quick* v. *Goodwin*, 19 Ind. 438; *Ewing* v. *Ewing*, 24 Ind. 468.

Under the section as amended, 3 Ind. Stat. 373, the application may be made by motion or complaint at any time within two years, and it applies the limitation to the time of instituting the proceedings for relief, instead of the time within which it could be granted by the court. *Smith* v. *Noe*, 30 Ind. 117. The complaint in the present case was filed and the summons issued within two years, but a demurrer was sustained to the original complaint and a substituted one filed after two years from the rendition of the judgment. This was not the commencement of the action. It had been commenced within the two years, and the relief might be granted after the expiration of the two years. The court having, by the commencement of the action within the time limited, acquired jurisdiction, had the right to retain it, and grant the relief afterward, and the pleadings were subject to amendment as in other cases under the code.

*Ewing* v. *Patterson*, 35 Ind. 326; *Gaff* v. *Hutchinson*, 38 Ind. 341. It is next contended by counsel for appellees that the appellant did not exercise reasonable diligence in the commencement of the action to be relieved from the judgment, after he had discovered the existence of the judgment against him, and has thereby forfeited all right to relief. It is alleged in the second paragraph of the complaint, that the appellant did not ascertain the fact that any action had been pending against him or judgment rendered until in the summer of 1871. The action was commenced on the 8th. of February, 1872. It was held by this court in *Patten* v. *Stewart*, 24 Ind. 332, that "a party who seeks the aid of the court to compel the rescission of a contract for fraud, must show that he has exercised at least reasonable diligence in ascertaining the facts, if readily within his power, and has been prompt in seeking his remedy within a reasonable time after the facts constituting the fraud are discovered. The relief is granted to the vigilant, but denied to the negligent."

The doctrine as above stated, in respect to the commencement of an action, after the discovery of the facts constituting the fraud, was materially modified by this court in *Potter* v. *Smith*, 36 Ind. 231, where the court say: "The distinction between bringing, and laying the foundation for an action must not be disregarded. There are cases where a man must act promptly and within a reasonable time, in order to be entitled to an action; *e. g.*, if he finds himself defrauded in a contract, he may be required, in order to rescind, to act promptly on the discovery of the fraud, and tender back to the other party what he has received, thereby placing him *in statu quo*, and demand a rescission; but having done all that is necessary to entitle him to a rescission, he may bring his action therefor at any time before he is barred by the statute."

It has been held by this court that an application for relief against a judgment, upon the ground that it was procured by fraud, was not based upon section 99 of the code, but upon section 356 of the code, 2 G. & H. 215. *Woolley* v. *Wool-*

*ley*, 12 Ind. 663; *McQuigg* v. *McQuigg*, 13 Ind. 294; *Rindge* v. *Rindge*, 22 Ind. 31; *Gage* v. *Clark*, 22 Ind. 163; *De Armond* v. *Adams*, 25 Ind. 455.

In our opinion, the doctrine, as applicable to fraud in con-- tracts and judgments, has no application to the present. action. The time within which the action must be brought is fixed and limited to two years by sec. 99, as amended, and we. have no power to say that the action must be brought sooner than the time named in the statute.

This brings us to inquire whether the facts stated in the second paragraph of the complaint were sufficient to require of the court below to set aside the judgment rendered. against the appellant and permit him to make a defence to the action. As the record stood at the time the court sustained the demurrer to the second paragraph of the answer, we think the facts stated entitled the appellant to the relief he sought. The summons was returned served by reading. This was in compliance with the statute and gave the court jurisdiction of the person of the appellant. The service was. upon its face sufficient. The appellant by the statement of facts endeavored to show that his negligence was excusable, and that for that reason the judgment should be set aside and he permitted to make a defence. The appellant was a very aged man, of German birth, and wholly ignorant of our language, and might have reasonably supposed that the paper read to him related to the litigation pending between his son and his wife. The case of *Bertline* v. *Bauer*, 25 Wis. 486, is much in point and has an important bearing upon the present case. There, the summons was served upon the defendant by reading and a copy, and the officer tried to explain the purport and purpose of the summons. There, the defendant was a German and wholly ignorant of our language. He failed to appear and judgment was rendered against him by default. He afterward sought to be relieved from such judgment. His affidavit stated that he never had, to his knowledge, any summons or complaint served upon

him in the action; that his first knowledge or idea that any civil action was pending against him was on the day that he was informed of the rendition of the judgment; that he is a German and unable to read, speak, or understand the English language.

The plaintiff, on the other hand, showed that the defendant had been served by the sheriff's delivering a copy of the summons to the defendant personally, and leaving it with him; that the sheriff explained the summons to the defendant at his request; that the defendant offered plaintiff a sum to settle the action, and was then told by plaintiff's attorney that unless he settled with plaintiff he would have to appear by attorney and defend the action, and had other conversation concerning the case. It appears that there were two actions pending against him, one criminal and the other civil. He had appeared to the criminal action, and thinking that was all the case against him, had suffered the default. The court below set aside the default, and permitted him to defend. The appellate court, in affirming this ruling, says, that " notwithstanding the affidavits presented by the appellant showed clearly enough that the summons was personally served on the defendant, and that he had some sort of an understanding that a suit was pending against him for damages, we still think it cannot be held an abuse of discretion to let the defendant in to answer upon just terms. * * * The statute is remedial in its character, and should be applied liberally, upon just terms, to secure a fair hearing upon the merits, even where there has been some excusable ignorance, stupidity or conceit." *Stafford* v. *McMillan*, 25 Wis. 566, and cases cited.

Under the original section 99, it was a matter within the sound legal discretion of the court to either grant or refuse relief, and this court would not review the exercise of such discretion unless there appeared to have been a plain abuse of such discretion. *Alexander* v. *Frary*, 9 Ind. 481; *Harlan* v. *Edwards*, 13 Ind. 430; *Cooper* v. *Johnson*, 26 Ind. 247; *Hunter* v. *Elliott*, 27 Ind. 93. The section has been very

materially changed. As it now stands, the court has no discretion where it is shown that the default was taken through mistake, inadvertence, surprise, or excusable neglect of the party. In such case the section plainly declares that the court "shall" give relief. This court in *Smith* v. *Noe*, 30 Ind. 117, uses this language: "It is evident that the legislature, by the use of the word 'shall' in the section as amended, intended to adopt a more liberal practice in such cases, by excluding the idea of any mere discretionary power in the court in granting or refusing the application, and to confer upon the party the right to demand relief, when it is made to appear that the judgment was taken against him through his 'mistake, inadvertence, surprise, or excusable neglect,' and that this court, in reviewing the question, should be governed by the same rule."

But as the record now stands, the error of the court, in overruling the demurrer to the second paragraph of the complaint, cannot avail the appellant. The record as amended shows affirmatively that the appellant appeared by attorney and filed an answer. The defendant's appearance to the action by an attorney prevents him from making any objection to the process. *Eldridge* v. *Folwell*, 3 Blackf. 207; *Lane* v. *Fox*, 8 Blackf. 58; *Floyd Co. Agricultural and Mechanical Association* v. *Tompkins*, 23 Ind. 348. The appearance by an attorney, although unauthorized, is binding upon the party until set aside.

In the case last cited the court say: "It is claimed that it was the duty of the court below to relieve the party for whom the attorney appeared without authority, under the provisions of sec. 775, 2 G. & H. 328, at any time before payment of the judgment; but clearly the remedy under this last section, if the party is entitled to it, cannot be obtained in a proceeding for review. It may be, on a proper application, showing that a judgment had been rendered by default, or for the want of an answer on an appearance by an attorney without authority, and without notice to defendant, even after judgment, the court would allow an issue to

be formed, and the merits of the case tried; but the court,. in order to protect the plaintiff from suffering by the act of the attorney, and at the same time to save the defendant from injury, will let the judgment stand, but stay all proceedings, and let in the defendant to plead if he has any defence,. *Denton* v. *Noyes*, 6 Johns. 296; *Ellsworth* v. *Campbell*, 31 Barb. 134; *Pierson* v. *Holman*, 5 Blackf. 482."

Section 775 is as follows: "If it be alleged by a party for whom an attorney appears, that he does so without authority, the court may at any stage of the proceedings relieve such party from the consequences of the attorney's. act. It may, also, summarily upon motion, compel the attor- ney to repair the injury consequent upon his assumption of authority." 2 G. & H. 328.

Plainly and obviously the above section has no application. to a case like the present. The first clause was evidently intended to authorize the court to relieve a party from the consequences of an unauthorized appearance, where the application is made during the progress of the case. This is shown by providing that the relief may be granted "at any stage of the proceedings." The last clause gives a remedy against the attorney who has appeared without authority.

The record as amended shows that the appellant appeared by counsel. This record is conclusively binding upon the appellant. It then appears that the appellant was served with process; that he appeared to the action by his attor- neys, and joined with the other defendants in filing an answer; that the cause was tried by a jury, who found specially that the conveyance of the land in question by Jacob to Conrad was fraudulent and void. The court then rendered a decree setting aside such conveyance, and ordered the property to be sold to satisfy the decrees of alimony and for the sup- port of the children. With such a record, the facts stated. in the second paragraph of the complaint, under examina- tion, presented no ground for relief from such judgment.

In our opinion, the court committed no error in sustaining the demurrer to such paragraph.

Having reached the conclusion that the judgment must, for the reasons stated, be affirmed, it becomes wholly unnecessary for us to pass upon the sufficiency of the answer filed in this court in bar of the appeal in the present action, and we therefore decide nothing in reference to such answer.

The judgment is affirmed, with costs.

PER CURIAM.—The appellant has filed a petition for a rehearing in the above cases.

It is insisted that the court directed the *nunc pro tunc* order to be made without sufficient evidence; that it comes here with no presumption in favor of the finding of the court below; and that we are to examine the evidence and decide the question under the same rules of evidence as if it was here *de novo.* We have done so, and are of the opinion that the court below was justified in making the order. We do not consider it necessary to review the evidence in this opinion.

It is also insisted that the *nunc pro tunc* order, when brought here by *certiorari*, is not to be treated by us as a part of the record in the proceedings in the case; that it is simply an exhibit. When the entry was made, it was made as of the time when the proceedings of the court actually took place, and became a part of the record as of that date, the same as if entered then. From that time the record spoke the truth, and correctly recorded the proceedings of the court. The return of the clerk of the court below to the writ of *certiorari* supplied an entry which had been omitted in the original transcript, and made it complete as it then existed.

The mistake of the appellant is in supposing that the return of the clerk to the writ of *certiorari* included additional proceedings in the case; whereas it was simply what was really done, but which the clerk had failed to enter of record. By the return of the clerk, it is legitimately before us, and we must regard it as having been made as of the time when the proceedings took place, and as if the entry had been made at that time.

The petition is overruled.