Coon, Administrator, *et al. v.* Welborn.

---

No. 8784.

### COON, ADMINISTRATOR, ET AL. *v.* WELBORN.

PRACTICE.—*Brief, what is Sufficient.*—A brief, which sets out the substance of the complaint, and suggests that it is defective in a respect specified, is sufficient to require a decision of the point.

JUDGMENT.—*Opening up for Defence.—Appeal.—Waiver.—Practice.*—An application for the opening of a judgment, to let in a defence to the cause of action, is in the nature of a review for fraud or for new matter, and should be made *in limine.* The right to make it is waived by taking an appeal.

SAME.—*Unauthorized Appearance by Attorney.—Jurisdiction of Person.—Replevin Bail.*—The jurisdiction of the person of a party resident in the State, acquired by an unauthorized appearance by an attorney of the court; can not be disputed, but the party may be permitted to come in and make his defence to the action, unless the rights of innocent third parties have intervened. One who has become replevin bail at the instance of a co-defendant of the party will be protected.

SAME.—*Promissory Note.—Principal and Surety.*—A. signed a promissory note as surety for B. and C., upon condition that it should not be delivered without the name of D. as co-surety, but it was delivered without D.'s name, the payee knowing the facts; in a suit upon the note, process was served upon B. and C., but not on A., and B. and C. procured an appearance by attorney for themselves and A.; the attorney filed answers for them all, and a plea of suretyship for A., and judgment was rendered against B. and C., and A. as surety; B. and C. procured S. to replevy the judgment, and, during the stay of execution, became insolvent; the judgment plaintiff did not know that the appearance for A. was unauthorized.

*Held,* that A. is not entitled to an opening of the judgment in order that he may present his defence.

From the Madison Circuit Court.

*M. A. Chipmam, J. W. Sansberry* and *J. W. Sansberry, Jr.,* for appellants.

*H. D. Thompson, J. A. New* and *J. W. Jones,* for appellee.

WOODS, J.—The appellant questions by demurrer the suffi-ciency of the appellee's complaint. The appellee claims that the question has been waived by reason of the failure of counsel for the appellant to argue it. After stating the sub-stance of the complaint, the counsel for the appellant in their brief say: " We are not sanguine as to the insufficiency of the complaint, but inclined to think that it fails to show that no new interests have intervened since the judgment. We ask the court to look into it."

We consider this sufficient to require us to decide whether or not the complaint is good in the respect indicated.

In substance, the averments are, that the appellee had signed a promissory note as surety for A. and B., who had already signed, and who procured his signature upon the con-dition and promise that the note should not be delivered to the payee until signed by C. as a co-surety with the appellee; that in violation of this condition, and without the knowl-edge or consent of the appellee, the note was delivered by A. and B. without the signature of C. to the appellant the payee, who had notice of the facts, and who afterwards brought suit upon the same in the Madison Circuit Court, A. being a resi-dent of Madison county, B. of Hancock, and the appellee of Henry; that process was issued to Hancock and Madison, but not to Henry county, and the appellee was not served with process and had no notice of the pendency of the suit, and the court had no jurisdiction of his person; that he did not appear to the action, nor employ or authorize the em-ployment of an attorney or any person to appear thereto for him; that judgment was rendered in the action against him and A. and B. for the sum of $618, on the 11th day of Jan-uary, 1875, and on January 22d, 1875, James C. Smith with-out his knowledge or request became replevin bail upon the

judgment, whereby execution was stayed for six months; that at the date of the judgment A. and B. were solvent, but before the expiration of the stay had become and are still wholly insolvent; that the note was not payable at a bank, and the appellant has not used diligence to collect the same, and an execution issued upon the judgment has been levied upon the property of the appellee.

The appellant answered by a general denial and by a special plea, to which a demurrer was sustained. Upon the hearing, the court found for the appellee, granted a restraining order against the sale of his property, and ordered that he be admitted to defend against the action upon the note.

It is not denied in the complaint, and the inference against the pleader accords with the fact proven at the trial, that the judgment was rendered upon an appearance and pleadings filed for the appellee, by attorneys thereunto employed by his co-defendants, and it is well settled that the jurisdiction acquired upon such unauthorized appearance by an attorney, can not be questioned by a party residing in the State. *Pierson* v. *Holman,* 5 Blackf. 482; *Wiley* v. *Pratt,* 23 Ind. 628; *Bush* v. *Bush,* 46 Ind. 70. And the only relief which can be granted him is leave to come in and make his defence to the action, *provided* the rights of *bona fide* purchasers, or of other innocent third parties, shall not have intervened. Cases *supra.*

There would perhaps be no presumption that the rights of third parties had become involved; but the complaint in this case shows that replevin bail was entered upon the judgment, and the execution thereby stayed; and, notwithstanding the allegation that this was done without the consent of the appellee, it is not denied that it was done at the request of his co-defendants in the judgment; and it is plain that, if compelled to pay the judgment or any part of it, the replevin bail is entitled to recourse on the appellee as well as against those at whose request he signed. It would seem, therefore, that, as against the replevin bail, the appellee ought not to be permitted to dispute his liability upon the judgment. It may

be suggested that, as the replevin bail was not made a party to the action, his rights can not be affected by the result, and, therefore, should not be considered in determining whether or not the complaint shows a cause of action against the defendants before the court. We think, however, that it is not a question merely whether the replevin bail should have been made a party—a question which could have been presented only by a demurrer for defect of parties, or by plea in abatement; but the right to maintain the action at all is involved. The other defendants in the judgment having become insolvent, if the appellee is permitted to come in and make a successful defence, Smith alone must pay the judgment, which would be unjust; or if, on account of the release of the appellee from liability, he might procure his contract of replevin bail to be set aside and annulled, then the judgment plaintiff must lose his demand, which would be scarcely less unjust; for it is not alleged that he procured the appearance to be entered for the appellee in the original action, or knew that the appearance entered was unauthorized. If that appearance had not been entered, the appellant could and doubtless would have obtained his judgment against A. and B., and they, being yet solvent, would have been compelled to pay the same, or to procure a stay of execution by bail against whom the appellant would have had a sure remedy, untrammelled by any such complication as the case now presents.

The proper remedy of the appellee, under the circumstances, must be against those who entered, or caused to be entered, for him the unauthorized appearance.

The appellants filed a special plea, to the effect that there was an appearance by attorneys for all of the defendants, including the appellee, and answers filed for them—for the appellee, a plea of suretyship, upon which he was found and adjudged to be a surety, and that, after the rendition of the judgment, the appellee joined his co-defendants in prosecuting an appeal to the Supreme Court; and, for the purpose of obtaining a *supersedeas,* he executed an appeal bond, the re-

citals of which showed that the judgment was against himself and the other defendants.

The court, as we conclude, committed an error in sustaining a demurrer to this answer. In our opinion the case was one where the appellee was bound *in limine* to seek the relief claimed in this action, if at all, and that his proceeding to take and prosecute an appeal was inconsistent with, and amounted to a waiver of, his right to relief from or on account of the unauthorized appearance. To illustrate: If his appeal had been successful, and the cause had been remanded for further proceedings, or for another trial in the circuit court, it is clear that he would not then have been permitted to dispute the appearance made for him, and the same result follows with equal certainty upon a contrary determination of the appeal.

The ground on which the appellee seeks relief is, in its essential nature, fraud, and the proceeding is substantially a proceeding to review the judgment on account of the fraudulent or wrongful appearance upon which the judgment had been obtained. A judgment may be reviewed for fraud in its rendition—*State* v. *Holmes*, 69 Ind. 577—or for new matter discovered since its rendition; but in such cases the complaint for review must be brought without delay after the discovery, and the same rule ought to apply, and does apply, in this case.

Judgment reversed, with instructions to sustain the demurrer to the complaint.