Harman *et al. v.* Moore *et al.*

Filed Nov. 3, 1887.

No. 12,962.

HARMAN ET AL. *v.* MOORE ET AL.

CONTRACT.—*For Delivery of Personal Property.—Action for Breach.—Complaint.—Averment that Debt is Due and Unpaid.*—Where a contract requires the delivery of personal property, a complaint thereon alleging a demand for the property and a refusal to deliver it, whereby the defendant has become indebted to the plaintiff in a named sum, sufficiently states a cause of action for the breach of the contract, without averring that the debt remains due and unpaid.

SAME.—*Lease.—Precedent Conditions.—Averment of Performance.*— A complaint against a lessee, to recover for a breach of the contract, need not allege that the lessor has performed on his part, where it appears that, by the terms of the lease, the right of action does not depend upon any precedent conditions to be performed by him.

JUDGMENT.—*Review of.*—*Jurisdiction of Person.*—*Appearance.*—*Complaint.*— A complaint to review a judgment, on the ground that the court acquired no jurisdiction over the person of the defendant, is bad if the record shows an appearance by or for the defendant.

SAME.—*Proceeding by Party to Set Aside.*—*Collateral Attack.*—*Matters Dehors the Record.*—Where the record of a court of general jurisdiction, either affirmatively or by the presumptions which attach to it, shows that a judgment has been rendered against a party over whom the court had acquired jurisdiction, any attack, the sole purpose of which is to have the judgment declared void, by showing matters *dehors* the record, is a collateral attack and can not be made by a party to the judgment.

SAME.—*Jurisdiction.*—*Unauthorized Appearance.*—Where the record shows that the court acquired jurisdiction over the person of the defendant by an appearance and answer, the mere fact the latter signed the paper purporting to be an answer out of court and left it in the possession of the plaintiff's attorney, who filed it in his absence, wherefore it is alleged that the judgment is void for want of jurisdiction, does not entitle him to have the judgment set aside.

From the Warren Circuit Court.

*J. McCabe* and *E. F. McCabe*, for appellants.

*C. V. McAdams* and *T. C. Moore*, for appellees.

MITCHELL, J.—The first paragraph of the complaint in this case is in the nature of a bill to review the proceedings and judgment of the Warren Circuit Court, had and rendered in an action wherein the appellees, as executors of the last will and testament of Jacob Harman, deceased, recovered a judgment against the appellants for seven thousand dollars and upward. This paragraph seeks a review on the ground that there is error of law apparent upon the face of the record, in that the complaint did not state facts sufficient to constitute a cause of action, and upon the further ground that the court did not have jurisdiction over the persons of the defendants.

The second paragraph seeks to set aside the judgment and declare it void for the want of jurisdiction over the persons of the defendants, on account of which the plaintiffs say the proceedings and judgment ought to be reversed and set aside. A complete transcript of the pleadings, proceedings and

judgment thus brought in question is exhibited with, and made a part of, each paragraph of the complaint.

The original action is founded upon a lease, by the terms of which Jacob Harman, in his lifetime, demised, for a certain rent therein reserved, various tracts of land, aggregating over one thousand acres, situate in Warren county, to Anthony Harman for a term of twelve years from the 15th day of March, 1867. The lease contained a recital to the effect that the lessor had theretofore furnished to the lessee certain personal property, which was specifically described, enumerated and valued, and which aggregated in value ten thousand dollars, and consisted of horses, mules, oxen, cattle, sheep, farming implements, farm products and provisions. It was stipulated in the lease that the lessee should be entitled to the increase, growth, gain and proceeds arising from the personal property so furnished, and that, at the end of his term, he should surrender the demised premises, and deliver to the lessor or his assigns, on the premises demised, horses and other personal property, in kind and value, equal to that furnished him by the lessor. The lease was extended in 1876, and again in 1882, the last extension being for a term ending March 15th, 1885. At the time of the last extension, John J. and Waldo L. Harman became jointly interested with the original lessee by becoming parties to the lease. The complaint alleged that the lessor died in February, 1885, and that the plaintiffs had been appointed the executors of his last will. The execution of the lease and the several extensions were set forth, together with copies of the several instruments and the consideration and terms upon which the demise was made. The plaintiffs assigned as a breach of the lease, that, subsequent to the 15th day of March, 1885, that being the date of the alleged expiration of the term, as last extended, they, plaintiffs, demanded of the defendants, on the lands described in the lease, the return of personal property of like kind and worth as that set forth in the lease, less the amount of certain legacies be-

queathed to the defendants by the last will of the lessor, but that the defendants refused to deliver any property in compliance with the demand. The complaint further alleges that, by reason of the premises, the defendants are indebted to the plaintiffs as the executors of the last will and testament of Jacob Harman, deceased, in the sum of seven thousand dollars and upward.

The first objection taken to the complaint is, that it nowhere alleges that the defendants are indebted to the plaintiffs, or that the debt remains due and unpaid. This objection is not well taken.

The right of action did not arise from the failure of the defendants to pay money upon a contract. The lease did not require the lessees to pay money, but, in respect to the breach alleged, it required them, at the expiration of the term, to deliver personal property of like kind and value as that delivered to the lessees by the lessor prior to the execution of the lease.

As the breach complained of did not arise from a failure to pay money, but because the defendants refused to deliver property as their contract required, there would have been no propriety in averring that a debt remained due and unpaid. It sufficiently appeared from the complaint that the term had expired, that the plaintiffs were the executors of the last will of the deceased lessor, and had demanded the property on the land leased, and that the defendants had refused compliance with the demand, and that they had thereby become indebted in a sum named.

It is quite true " that a pleading founded on a contract is never complete, either in form or substance, unless it alleges a breach " (*Lawson* v. *Sherra*, 21 Ind. 363) ; but it is also true that where a contract requires the delivery of personal property, a complaint on such contract, which alleges a demand for the property, and that the defendants refused to deliver it, and that in consequence of such refusal the plaintiff has sustained damage, sufficiently states a cause of action

for a breach of the contract. *Catterlin* v. *Armstrong*, 101 Ind. 258, and cases cited.

It is objected that the complaint does not show that the demand was made after the expiration of the lease and before suit brought, or that it was made by the plaintiffs as executors, or that it was made upon the farm leased. The complaint alleges that the plaintiffs, after the 15th day of April, 1885, "have demanded of said defendants, on the lands described in said lease, the return of personal property of like value and worth of that set forth in said lease, sufficient to satisfy said lease."

It is a necessary deduction from this averment that the demand must have been made after the expiration of the term and before the filing of the complaint, and that in making the demand the plaintiffs were acting in the character of executors, and that it was otherwise made in compliance with the requirements of the lease. It was not necessary that the complaint should have alleged that the lessor had performed all the conditions to be performed on his part, for the reason that by the terms of the lease there were no precedent conditions to be performed by him upon which the right of action depended. There was nothing for the lessor to do in respect to the personal property, which the lease recites had, at the date thereof, been delivered to the lessee by the lessor, except to receive other property of like kind and value at the end of the term. We can discover no ground upon which it can be held that the complaint was insufficient.

So far as the first paragraph seeks a review of the judgment on the ground that the court had no jurisdiction over the persons of the defendants, it is only necessary to say that the record exhibited with the complaint shows that the defendants appeared in person to the action. In this state of the record no ground for review for apparent want of jurisdiction is presented. A complaint to review a judgment on the ground that the court acquired no jurisdiction over the

persons of the defendants is bad, if the record shows an appearance by or for the defendants. *Bush* v. *Bush*, 46 Ind. 70.

In respect to the second paragraph of the complaint, it is contended that, because it is averred therein that no summons had been issued or served upon the defendants in the original action, and that they did not appear either in person or by attorney, the conclusion follows that the complaint makes it appear that the court acquired no jurisdiction over the persons of the appellants, and hence that the judgment was void.

This paragraph avers, and the proceedings in the original cause show, that the record of that cause is silent upon the subject of the issuing or service of process upon the defendants.

The record entry in that cause does show, however, that the defendants appeared in person and filed an answer to the complaint, in which they admitted all the allegations therein contained.

The complaint seeks to avoid the force and effect of the record by averring that, notwithstanding its silence as to the issuing and service of process, and the entry thereon that the defendants appeared in court and filed their answer, they did not appear in fact, and that no process was in fact issued or served.

The complaint charges that the defendants signed the paper purporting to be an answer out of court, leaving it in the possession of the plaintiffs' attorney, who, it is averred, filed it in their absence and caused the entry hereinbefore referred to to be made.

It is to be observed that this is not a proceeding under section 396, wherein a party is seeking to be relieved from a judgment taken against him through mistake, inadvertence, surprise or excusable neglect, so as to secure the opportunity to present a meritorious defence. *Nietert* v. *Trentman*, 104 Ind. 390; *Hite* v. *Fisher*, 76 Ind. 231; *Zerger* v. *Flattery*, 83 Ind. 399; *Smith* v. *Noe*, 30 Ind. 117.

Neither is this an application to set aside a judgment by a

party who asserts that he was not within the jurisdiction of the court during the pendency of the action, or when the judgment was rendered, or that, being within the jurisdiction of the court, the judgment was taken against him without notice, through an unauthorized .appearance, or by the perpetration of a fraud, upon the discovery of which he proceeded without delay to institute proceedings to set aside or open up the judgment so far as to allow him to present an alleged meritorious defence. *Wiley* v. *Pratt*, 23 Ind. 628; *Bagott* v. *Mullen*, 32 Ind. 332 ; *Bush* v. *Bush*, 46 Ind. 70 ; *Coon* v. *Welborn*, 83 Ind. 230 ; *State, ex rel.*, v. *Holmes*, 69 Ind. 577 ; *Thompson* v. *Pershing*, 86 Ind. 303 ; *Cavanaugh* v. *Smith*, 84 Ind. 380.

Whatever the form of the proceeding may be by which a party to a judgment is seeking to review it, or to obtain relief therefrom, if the proceeding is one for which provision is made by statute, and the statutory method is being pursued, or if it is an application which invokes the inherent power of the court for relief from an inequitable judgment, taken against a party by fraud or mistake, so as to obtain the right to present an alleged meritorious defence, which the unauthorized interference of another or the fraudulent conduct of his adversary prevented him from making, such an application, as a general rule, constitutes a direct proceeding in the original case. *Earle* v. *Earle*, 91 Ind. 27, and cases cited ; *Hogg* v. *Link*, 90 Ind. 346, and cases cited.

A party who seeks to have a judgment set aside for fraud practiced in obtaining the judgment must show in his application that he has a meritorious defence which he was prevented from making, that he was guilty of no *laches* in failing to prevent or discover the fraud, and that he made his application for relief without delay after the discovery. *Coon* v. *Welborn, supra.*

As has been seen, the complaint under consideration lacks all these essentials.

The judgment is assailed solely on the ground that it is

void for want of jurisdiction over the persons of the appellants, and this want of jurisdiction is predicated upon matter *dehors* the record.   This is a collateral attack; nothing more nor less.   *Reid* v. *Mitchell*, 93 Ind. 469.

The appellants' position is, in effect, that a judgment which appears regular on its face ought to be reviewed and set aside, without regard to the fact that the plaintiffs therein may be entitled to recover another judgment for precisely the same amount on another hearing of the same case.

While a judgment void for want of jurisdiction may be attacked collaterally by a party to the judgment, its invalidity can not be shown in a collateral attack by bringing forward matter extraneous to the record itself.   *Cain* v. *Goda*, 84 Ind. 209; *Lantz* v. *Maffett*, 102 Ind. 23.

Where the record of a court of general jurisdiction, either affirmatively or by the presumptions which attach to it, shows that a judgment has been rendered against a party over whom the court had acquired jurisdiction, any attack, the sole purpose of which is to have the judgment declared void by showing facts and circumstances *dehors* the record, is a collateral attack.   It has often been decided that such an attack can not be successfully made by a party to the judgment.   *Rogers* v. *Beauchamp*, 102 Ind. 33; *Exchange Bank* v. *Ault*, 102 Ind. 322; *Indiana, etc., Co.* v. *Louisville, etc., R. W. Co.*, 107 Ind. 301, and cases cited.

The case of *Pressley* v. *Harrison*, 102 Ind. 14, asserts nothing to the contrary of what has been heretofore said. That case involved an attack by a stranger to the record, and the attack was upon an order of the judge made in vacation.   The general rule was there reiterated in the following language: "When the record of a court of general jurisdiction is silent upon the subject of the service of process, the presumption will be indulged that jurisdiction of the person was acquired as against a collateral attack.   Parties to the record in such cases, and those in privity with them, will not be heard to impeach it collaterally."   For a much greater reason will

parties be concluded where, as in the case before us, the record affirmatively shows an appearance entered of record by the court in term. There was no error in sustaining the demurrer to the complaint.

Judgment affirmed, with costs.

Filed Nov. 2, 1887.