Filed June 5, 1894.

---

· No. 16,664.

## HOLLINGER *v.* REEME ET AL.

JUDGMENT.—*Fraud in Obtaining.—Necessary Showing in Application for Relief.*—A party who seeks relief from a judgment alleged to have been obtained against him by fraud must show in his application that he has a meritorious defense which he was prevented from making, that he was not guilty of laches in failing to prevent or discover the fraud, and that he seeks relief promptly after making the discovery.

SAME.—*Unauthorized Appearance by Attorney.—Remedy.—Injunction.*—Relief by a defendant against a judgment obtained through the unauthorized appearance of an attorney should be sought in the original cause by way of an application therein for a stay of proceedings and a hearing upon the merits, and not by way of a collateral proceeding for an injunction.

From the Vigo Circuit court.

*M. Hollinger* and *Mack* and *Henry*, for appellant.
*J. G. McNutt* and *F. A. McNutt*, for appellees.

DAILEY, J.—This was an action by appellant, Hollinger, against the appellees, Reeme, Quackenbush, and Stout, sheriff of Vigo county, to perpetually enjoin the collection of a certain judgment, and to have the same set aside and held for naught. The complaint is as follows: · "Plaintiff, complaining, shows the court that on the 29th day of January, 1878, these defendants, Reeme and Quackenbush, filed a complaint in this court, cause number 9917, against this plaintiff and one David R.

Stith; that said action was upon a joint obligation purporting to be the joint obligation, not several nor joint and several promise of the said Stith and Hollinger, a copy of said complaint, pleadings and dockets and judgments are made a part hereof, exhibits marked 'A;' that on the 10th day of March, 1880, upon the hearing and trial of said cause, judgment was rendered against said Stith and this plaintiff Hollinger for the sum of $1,033.33; that on March 16, 1880, the said court, after proper hearing, duly rendered judgment in said cause against said Stith as sole defendant for said sum of $1,033.33, wholly releasing this plaintiff Hollinger from any liability thereon, and that said judgment duly rendered against said Stith still remains in full force and effect; that on the 12th day of August, 1880, these defendants, Reeme and Quackenbush, having fully abandoned the original claim, No. 9,917, brought a separate proceeding in said court against this plaintiff to bind him to, and as a party judgment defendant with said Stith in, the above recited judgment for $1,033.33; that this last cause referred to was No. 12,127, and, after proper hearing, judgment was awarded against this plaintiff for costs of the proceeding November 5, 1885, and the cause dismissed, and a copy of said pleadings and record is filed herewith as a part of this marked exhibit 'B'; that cause No. 9,917, although fully disposed of by the court and abandoned by said Reeme and Quackenbush March 16, 1880, still remained on the docket of the court, and plaintiff, believing the same was at an end, left the State in 1881 and removed to the territory of New Mexico, and remained a non-resident of this State until 1887; that no one was authorized to represent him in said cause or to make any agreement for him, and he had no knowledge that said suit was still pending in said court; that, as appears of

record in this court, on the 3d day of November, 1885, the defendants herein, Reeme and Quackenbush, or some one in their behalf, fraudulently and without this plaintiff's knowledge or consent, caused a judgment to be entered against this plaintiff and said Stith as by agreement, for $150 and costs for $50, and plaintiff herein says that he had been his own attorney in said cause and had no other; there never was such an agreement made by him, or any one authorized to make such, and that the entry of said judgment was a gross fraud upon him and this court, and that the court made no inquiry into the merits of said cause, and had such cause been submitted to the court for inquiry, no judgment could have been rendered against him; that plaintiff had no knowledge that said judgment had been rendered against him until about the time of the issuing of an execution on said judgment, which was on or about the 5th of June, 1891. Said execution was issued by the defendants, Reeme and Quackenbush, to the defendant Stout, who is sheriff of this county, who is threatening to levy the same upon the property of this plaintiff in this county. Wherefore, plaintiff prays the court to grant a temporary restraining order until the final hearing of this, and, upon the final hearing of this cause, to grant a perpetual injunction and set aside and hold for naught said judgment.''

Appellees demurred to appellant's complaint, which demurrer was sustained by the court, and, appellant refusing to plead further, judgment was rendered in favor of appellees. The error assigned is the sustaining of such demurrer. The only question raised, therefore, is the sufficiency of appellant's complaint. ''Exhibit A,'' as suggested, is the record of the proceedings in cause No. 9,917, Vigo Circuit Court, and such cause is entitled

"Josiah B. Reeme, Augustus L. Quackenbush v. David R. Stith, Martin Hollinger."

The complaint in said 9,917 shows that Stith and Hollinger executed a note for $800 with interest to one Keith, who had assigned the same, before the suit was instituted, to plaintiffs, Reeme and Quackenbush. Action No. 9,917 seems to have been brought previous to February 27, 1878, for on that day it appears that defendants filed answers therein.

Upon issues joined the cause came on for trial on March 3, 1880, and the jury rendered a verdict for the plaintiffs in the sum of $1,033.33. On March 10, 1880, judgment was rendered on the verdict in favor of the plaintiffs, Reeme and Quackenbush, against the defendants, Stith and Hollinger. Said judgment was set aside on March 16, 1880. On June 8, 1880, the court overruled the motion of the defendants for a new trial and rendered judgment against Stith alone.

On the same day the record reads: "And comes now defendant Hollinger, and files his demurrer to plaintiff's complaint, and the court, being advised, overruled said demurrer, and the defendant excepts thereto, and is ordered to answer and a day is given."

It appears the case then lay dormant until November 3, 1885, when the record shows the following entry: "Come again the parties by their attorneys aforesaid and this cause being at issue and coming on for trial the same is, by agreement, submitted to the court, and by agreement the court finds for the plaintiffs and assesses their damages at the sum of one hundred and fifty dollars ($150)."

The judgment for $150 and costs is the one which the appellant seeks to permanently enjoin and set aside. "Exhibit B" is an exhibit of the record in cause No. 12,127 of the Vigo Circuit Court. The complaint is not

a part of it, having been lost, but cause 12,127 appears to have been an action to bind Hollinger by the judgment rendered in cause No. 9,917, for, upon a trial by the court, a judgment was rendered on June 8, 1881, in cause 12,127, declaring Hollinger bound by the judgment in 9,917. Such judgment was set aside, however, on January 14, 1882, and on June 7, 1882, Hollinger was granted a new trial.

Cause No. 12,127 was finally disposed of as follows: "Come again the parties by their attorneys and, by agreement of the parties, it is ordered that this cause be, and the same is, hereby dismissed at the cost of the defendant."

It is shown by the record that causes 9,917 and 12,-127 were disposed of on the same day, viz, November 3, 1885, and by the agreement of the parties acting by their attorneys. Appellant seeks relief against the judgment in cause 9,917 because of an alleged fraud in its procurement; he charges that the judgment plaintiffs, Reeme and Quackenbush, procured an attorney to appear in his behalf and fraudulently agree to the judgment. While the demurrer to the complaint admits the truth of such allegation, it is proper to bear in mind that the action was upon a promissory note executed by Hollinger for $800, and that the appellant nowhere denies the execution of this note, nor does he deny that there was ample consideration for the same, nor does he claim that it has been paid in whole or in part.

It seems that as a result of years of litigation a judgment for $150 was rendered against the appellant, when the original note, executed by him on September 13, 1877, was for $800. In respect to attacks upon judgments procured by fraud, there are several well established rules for the guidance of the courts:

First. The person seeking to set aside the judgment

must show that he could not have prevented the fraudu-
lent procurement of the judgment by the exercise of
reasonable diligence.

Second. That he was reasonably diligent in discover-
ing the fraud.

Third. That having discovered the fraud, he pro-
ceeded with reasonable diligence to ask such relief as the
law affords.

Fourth. He must show that he had a meritorious de-
fense to the action in which the fraudulent judgment
was procured, and that the result will probably be dif-
ferent if he is allowed to open up the judgment and de-
fend.

Fifth. If the court had jurisdiction of the subject-mat-
ter and the parties, and the fraud perpetrated was in the
procurement of jurisdiction, he can not attack such judg-
ment collaterally, but must ask that the judgment be
opened up to such an extent only as will allow him to
make a meritorious defense.

The appellant has not, by his complaint, brought
himself or his defense within any of these rules.

According to the allegations of the complaint, appel-
lant appeared to the action in which the judgment was
rendered (No. 9,917), for he filed his demurrer to the
complaint, which was overruled, whereupon he was
ruled to answer. The filing of a demurrer to the com-
plaint has always been recognized as a full personal ap-
pearance to the action. 1 Works Prac., 224; *Knight*
v. *Low*, 15 Ind. 375.

The court, therefore, had jurisdiction of the subject-
matter and the parties, and, on June 8, 1880 (the day
the demurrer was filed), the action was pending in the
Vigo Circuit Court.

Appellant alleges that in 1881, he left the State and
removed to New Mexico, and remained a nonresident

until 1887; he also alleges that no one was authorized to appear for him in said action. It thus appears that he deliberately left a pending action from 1881 to November 3, 1885, when the judgment was rendered, with no one looking after his interests. This makes a case of gross negligence. It is true he alleges that the cause was fully disposed of by the court and abandoned by said Reeme and Quackenbush March 16, 1880, but he does not aver in what manner the case was disposed of, or how it had been abandoned; and "exhibit A" shows that he filed a demurrer to the complaint on June 8, 1880, three months after the alleged disposition and abandonment. He also alleges that he had no knowledge that said suit was still pending, but, in law, it was his business to realize, and he was bound to know it was pending, after he had entered a full appearance. It is also alleged that the appellant had no knowledge of the existence of said judgment rendered November 3, 1885, until June 5, 1891. He returned from New Mexico in 1887, but did not discover the judgment until June, 1891, nearly six years after its rendition, and four years after his return; presumably he had not made inquiry about the case from the time it was rendered up to June, 1891, a period of nearly six years; for the slightest investigation would have disclosed its existence. And, further, it does not appear that he made any inquiry about the pending action from 1881, when he left Indiana, until 1891, when he discovered the judgment. This does not constitute diligence. The existence of the judgment was made manifest to appellant June 5, 1891, and while the record does not reveal when this action was brought, the first step taken, as shown by the record, was on Monday, May 2, 1892, nearly a year after the discovery of the judgment.

"A party who seeks to have a judgment set aside for fraud practiced in obtaining the judgment, must show in his application, that he has a meritorious defense. which he was prevented from making; that he was guilty of no laches in failing to prevent or discover the fraud, and that he made his application for relief without delay after the discovery." *Harmon* v. *Moore*, 112 Ind. 221 (227).

"The parties to an action can not impeach the judgment rendered therein, in any collateral proceeding, on the ground that it was obtained through fraud or collusion. It is their business to see that it is not thus obtained. Black Judgments, section 291.

"In order to justify a court in enjoining the enforcement of a judgment claimed to have been obtained by fraud, mistake or accident, it is necessary for the complainant to show, in addition to the fraud or mistake relied upon, that it could not have been prevented by the use of reasonable diligence on his part; and that he has been diligent in seeking relief." *Ratliff* v. *Stretch*, 130 Ind. 282 (285).

"A party who seeks the aid of a court, and asks to be relieved from a judgment obtained against him by fraud, must proceed promptly upon the discovery of the fraud." *Nicholson* v. *Nicholson*, 113 Ind. 131 (135). Appellant did not use ordinary care to prevent the alleged fraudulent judgment, having left the case pending in 1881, with no one to look after it until 1885, when the judgment was rendered; nor did he exercise diligence to discover it, for the slightest inquiry would have informed him of its existence, which he did not discover for six years; nor does he allege that he made any inquiry at any time. Besides, he was negligent in not bringing the action for relief after the discovery of the judgment until nearly a year after its rendition. It is always necessary, when

one seeks to set aside a judgment procured by fraud, to show that there is a meritorious defense to the action in which the judgment was rendered. Black Judgments, sections 347, 348, 349; *Harmon* v. *Moore, supra*, 227. Not only should it be averred that there is a good defense, but the facts constituting it should be stated and verified by affidavit. *Wilson, etc., Co.* v. *Curry*, 126 Ind. 161; *Goldsberry* v. *Carter*, 28 Ind. 59 (60); *Frost* v. *Dodge*, 15 Ind. 139; Black Judgments, section 347. As near as the appellant comes to alleging a meritorious defense is the following: "And the court made no inquiry into the merits of said cause, and had such cause been submitted to the court for inquiry, no judgment could have been rendered against him." This is in the nature of argument, and does not amount to an allegation that appellant had a meritorious defense in cause 9917, wherein the judgment was rendered. He should have stated the facts showing such defense, so that the court could have seen its merits and the injustice of the alleged fraudulent judgment. The appellant does not deny that he executed the $800 note sued on in cause 9917; he does not deny that there was a valuable and full consideration therefor; nor does he deny that it evidenced a fair and honest debt from him to the plaintiffs Reeme and Quackenbush, the assignees of the payee, Keith; nor does he claim that any portion of the debt evidenced by said note has been paid. He wholly fails to show that he had any defense, meritorious or otherwise, in cause 9,917, in which the judgment was rendered for about one-tenth of the sum represented by the principal and interest of the original note on which the recovery was had. It is clear that the court had jurisdiction of the subject-matter, and when the appellant demurred to the complaint it took jurisdiction of his person.

He does not claim that he did not file a demurrer to

the complaint, nor does he deny the court's jurisdiction
of the subject-matter and the parties.   Therefore such
jurisdiction did exist in cause 9,917, and any judgment
rendered therein would not be void, however wrongful or
erroneous; such judgment not being wholly void can
not be attacked collaterally.  *Exchange Bank* v. *Ault*,
102 Ind. 322; *Anderson* v. *Wilson*, 100 Ind. 402; *Lantz*
v. *Maffett*, 102 Ind. 23; *Palmerton* v. *Hoop*, 131 Ind. 23, on
p. 28; *Cully* v. *Shirk, Exr.*, 131 Ind. 76, on p. 79; *Harmon*
v. *Moore, supra*, 227; *Rogers* v. *Beauchamp*, 102 Ind.
33; *Reid* v. *Mitchell*, 93 Ind. 469.   Where judgment is
rendered through the unauthorized appearance of an at-
torney for the defendant, the defendant should not ask
to perpetually enjoin the judgment, and have it declared
a nullity, but should ask that it be opened up and the
proceedings thereon stayed, until there can be a trial on
the merits.  *Coon, Admr.* v. *Welborn*, 83 Ind. 230; *Bush*
v. *Bush*, 46 Ind. 70 (83); *Wiley* v. *Pratt*, 23 Ind. 628 (635);
*Pierson* v. *Holman*, 5 Blackf. 482.   "It may be, on a
proper application showing that a judgment had been
rendered by default, or for the want of an answer on an ap-
pearance by an attorney without authority, and without
notice to defendant, even after judgment, the court will
allow an issue to be formed, and the merits of the case
tried; but the court, in order to protect the plaintiff from
suffering by the act of the attorney, and at the same
time save the defendant from injury, will let the judg-
ment stand, but stay all proceedings, and let in the de-
fendant to plead if he has any defense."  *Bush* v.
*Bush, supra.*   "Such must now be deemed the settled
practice of the court.  It will always afford adequate
relief to a defendant, while, at the same time, it pro-
tects a plaintiff who has obtained a judgment, so far as
he can be protected, from some of the injurious con-
sequences to which he might be exposed by the delay."

*Wiley* v. *Pratt, supra*, 636. "A judgment obtained by fraud is binding on the parties until set aside in some proceeding instituted for that purpose." *Palmerton* v. *Hoop, supra*, 28; *Weiss* v. *Guerineau*, 109 Ind. 438, on p. (444). "These methods, however, all contemplate proceedings in the case in which the unauthorized judgment is alleged to have been obtained. They give no countenance to the notion, that a judgment, however wrongfully obtained, may be ignored, and the rights of the parties again inquired into, in a collateral proceeding." *Weiss* v. *Guerineau, supra.* Appellant has not sought relief in the original cause 9,917, in which the judgment was obtained, but presents a new and collateral action asking to have the judgment rendered therein decreed a nullity, and perpetually enjoined. He has mistaken his remedy, and the court can not lend him its aid. For the reasons stated we are convinced that the court below did not err in sustaining the demurrer to the appellant's complaint.

The judgment is affirmed.

Filed April 3, 1894; petition for a rehearing overruled June 5, 1894.