Filed Nov. 20, 1890.

----

No. ▓411.

126  161<br>138  371

## THE WILSON SEWING MACHINE COMPANY ET AL. *v.* CURRY ET AL.

JUDGMENT.—*Against Sureties.*—*Confession of.*—*Duress.*—Threats made by an agent to the sureties on bonds executed to his principal, the condition of which had been broken, that unless they executed a power of attorney, authorizing an attorney to confess judgment, he and his principal would pursue the bonds to judgment, with attorney's fees, do not

The Wilson Sewing Machine Company *et al. v.* Curry *et al.*

constitute duress, and a judgment confessed in virtue of the power of attorney so obtained will not be annulled.

SAME.—*Equitable Relief.*— *When Plaintiff not Entitled to.*—One who seeks equitable relief from a judgment alleged to have been improperly rendered, but who does not show that he has paid the amount for which it is conceded he was liable, or that he had a good defence, or was prejudiced because of the manner in which the judgment was rendered, will not be afforded such relief.

From the Vigo Superior Court.

*L. D. Thomas, S. C. Stimson* and *R. B. Stimson,* for appellants.

*G. W. Faris* and *S. R. Hamill,* for appellees.

BERKSHIRE, C. J.—This was an action by the appellees against the appellants to annul a judgment which the machine company had obtained against the appellees and assigned to the appellant Wilson. Originally the complaint was in two paragraphs, to both of which the court sustained demurrers, and thereafter the second paragraph was amended. To the amended second paragraph the appellants filed a demurrer, which demurrer was overruled and an exception reserved. The cause was afterwards put at issue and tried, and a finding made by the court for the appellees.

The appellants filed their motion for a new trial and the court overruling the same, they reserved an exception and a judgment followed for the appellees.

The appellants assign several errors, but two of which we need consider. These bring in question the ruling of the court overruling the demurrer to the complaint, and its ruling overruling the motion for a new trial.

The theory of the complaint is duress and fraud.

The appellees as sureties, and Samuel R. Sargent and William P. Bennett as principals, joined in the execution of a bond to the appellant machine company; the penalty named in the bond being $1,000. This bond was executed November 2d, 1881.

On the 17th day of February, 1881, the same named prin-

cipals, together with Solomon Tucker, Silas Foulke and others as sureties, executed a bond to the said company, the penalty therein named being $3,000. Afterwards and on the 24th day of March, 1883, the conditions of said bonds having been broken, at the instance of the agent of the appellant machine company, Sargent, Bennett, Tucker, Foulke and the appellees came together at the office of such agent, in the city of Terre Haute, and executed a power of attorney authorizing one of the attorneys at law named therein to go into said superior court and confess a judgment against them according to the terms and conditions of said bonds, in the sum of $3,025. And as an impeachment of the validity of said power of attorney it is alleged "That on said day at said office, and in the night time, said Allen, agent as aforesaid, threatened these plaintiffs in various ways, and then and there said unto them that unless they executed a power of attorney authorizing some attorney to confess a judgment against them that he and said defendant, Wilson Sewing Machine Company, would pursue said bonds to judgment and would recover three hundred dollars attorney's fees against them, and would pursue them to insolvency, but if they would so execute a power of attorney said plaintiff would see that judgment would be taken against them in accordance with the terms and conditions of said bonds." It is then alleged that the appellees were inexperienced in business affairs and relied upon the representations and statements made to them.

It is so clear that the averments (all of which we have given tending in that direction) do not make a case of duress that we do not feel justified in stopping to consider the question as to what is, and what is not, duress sufficient to annul a transaction tainted therewith.

The agent simply threatened to enforce the legal rights of the principal against the appellees if they did not accede to his proposition; to do what his obligation to his principal required him to do.

The attorneys named in the *cognovit*, either of whom was authorized to confess judgment, are Leslie D. Thomas and William Eggleston.

It is alleged in the complaint that Leslie D. Thomas executed the power and confessed the judgment, and that at the time the power of attorney was executed and the judgment confessed he was the attorney of the Wilson Sewing Machine Company.

But it does not appear that this fact was not well known to the appellees at the time they executed the *cognovit*.

It is further averred that Thomas, as the attorney for the appellee, in violation of the terms and conditions of the bonds upon which the liability rested, and of the terms and conditions of the power of attorney, confessed judgment for a sum in gross—that is $3,025—against all the parties to the power of attorney, and prepared a decree waiving valuation and appraisement laws in the collection of the judgment, and fixing the rate of interest which the judgment should draw at eight per cent.; and that the entry further recites that Eggleston executed the power and confessed the judgment.

We are at a loss to understand how the appellants are prejudiced because Thomas, and not Eggleston, executed the power conferred.

The terms and conditions of the power of attorney are not stated, and hence we can not say that its terms and conditions were violated.

The averments made are but the pleader's conclusions, drawn from the instrument, and can not be regarded by us. But, passing by all other questions, the appellees invoke the power of a court of equity, and in view of the well known maxim "That he who asks equity must do equity," the appellees are not entitled to relief.

The complaint discloses a liability equal to the amount named in the bond, $1,000. One of the grounds of complaint is that judgment was rendered against them jointly with

Tucker and Foulke for $3,025, when it should have been rendered against them alone, and only for $1,000.

The appellees do not show that they have paid the amount for which it is conceded they were liable, nor do they make· any offer to pay it. They allege that they have a good defence, but do not state what it is. This general averment can not be regarded in the face of the other averments in the complaint. But the complaint does not inform us wherein the appellees were prejudiced because of the manner in which the judgment was rendered, and for this reason makes no case for equitable relief.·

If Tucker and Foulke were good for their proportion of the liability, and have since paid it, it is immaterial to the appellees that the judgment was not rendered against them for the amount resting on their bond, and against Tucker and Foulke for the remainder.

Such a state of facts would not be inconsistent with the averments in the complaint. The evidence is in the record.

In view of the conclusion which we have indicated, the construction to be placed upon the power of attorney as to the form of the judgment contemplated is not necessarily involved, and hence we have not considered it critically. We may say, however, that we do not regard the position assumed by the appellees as free from doubt.

We find, upon an examination of the *cognovit*, that it expressly provides for a judgment drawing eight per cent. interest, and that it was entirely proper to render judgment without relief except as to the sum of $58, balance due on an open account, which entered into the judgment. This amount of the judgment was entirely remitted before the judgment appealed from was rendered.

The evidence shows the appellees' liability on the bond executed by them, and that Tucker and Foulke had fully paid the amount due from them. At least the judgment had, as to them, been fully satisfied to the extent of their

liability. Neither the complaint nor the evidence makes a case entitling the appellees to equitable relief.

The court erred in overruling the motion for a new trial and in overruling the demurrer to the complaint.

The judgment should be reversed, with directions to grant a new trial, and to sustain the demurrer to the complaint.

Judgment reversed, with costs.

COFFEY, J., did not sit in this case.

