## SUPREME COURT.

### BLODGET agt. CONKLIN AND ARNOLD.

Where process has been served on both defendants, joint debtors, an attorney employed by one of them is not authorized to appear for both and allow judgment to be taken by an offer under § 385 against both defendants.

Where, however, a defendant has been regularly brought into court by process, and an attorney of the court appears for him, his acts are valid and binding upon the party until he is superseded, unless collusion is shown, and the remedy of the party is against the attorney for appearing and acting in his name without authority.

Where it appears that the attorney is irresponsible, the court, in order to protect the defendant, in case he swears to merits, will let him in to defend, allowing the judgment to stand as security.

*Ontario Special Term and Circuit, February*, 1854. Motion to set aside judgment, &c.

The action was commenced by summons, which was personally served on both defendants. The service was made upon the defendant Conklin on the 25th of January, 1854. On the next day after the service of the summons on Conklin, he employed H. O. Chesebro, Esq., an attorney of this court, to defend the action.

On the first day of February following, Mr. Chesebro caused a notice of appearance for the defendant Conklin, with a demand of a copy of the complaint to be served upon the plaintiff's attorney, who, on the same day, returned the notice and demand to Mr. Chesebro, with a message that it would not be received, and that an attorney had already appeared in the action for the defendants, and that judgment had been entered therein in favor of the plaintiff. Upon examination of the clerk's office of Ontario county, it was found that judgment had been entered in said action in favor of the plaintiff against both defendants for $824.29, on the 30th day of January aforesaid.

The defendant Conklin swears that he never employed or authorized the employment of any attorney to appear for him, or for the defendants in said action, or to defend the same, except the said Chesebro, or to do any other act or thing for him or the said defendants as their attorney in said action.

Blodget agt. Conklin and Arnold.

On the part of the plaintiff it appears, that soon after the action was commenced, and after the service of the summons, the defendant Arnold employed D. A. Robinson, Esq., an attorney of this court, to appear in said action for both defendants, and to demand a copy of the complaint, which was done by said Robinson on the 28th of January aforesaid, three days after the commencement of the action. That on the 30th of the same month a copy of the complaint was served on Mr. Robinson in pursuance of such demand. That afterward, and on the same day, and after consultation between Arnold and Robinson, the former directed the latter to serve upon the plaintiff's attorney an offer in writing to allow judgment to be taken against the defendants in said action for the amount for which the same was afterward entered, less the amount of the plaintiff's costs as adjusted, which offer was accordingly made and accepted, and judgment perfected thereon, in pursuance of § 385 of the Code. It also appeared that the defendants were, during all the times above mentioned, and for some time previously, partners in the mercantile business, and that the action was brought against them for a demand owing by them as such partners. Other matters are stated in the affidavits, which, as far as regarded material, will be adverted to in the opinion.

A. WORDEN AND H. O. CHESEBRO, *for defendant.*
E. G. LAPHAM, *for plaintiff.*

WELLES, Justice. The plaintiff appears to have been perfectly regular in obtaining the judgment. No collusion is shown between the attorney first employed, Mr. Robinson, upon whose offer the judgment was entered, and the plaintiff. Conklin and Robinson both show, in their affidavits, that the latter supposed Arnold was authorized to employ him for both defendants. Nor is there anything to show collusion between the plaintiff and the defendant Arnold. Enough appears to show hostility between the two defendants, and that Arnold desired, and that his measures were taken with a view to give the plaintiff a preference over the other, or some other creditors of the firm, and to prevent Conklin from putting in a de-

fence.   But I cannot discover sufficient evidence in the papers to establish the plaintiff's connection with such intention, or to bring home to him notice thereof.   I do not discover that the plaintiff occupies any other position than that of a vigilant creditor, seeking the collection of his debt according to the forms of law.

The fact that Conklin had not given Robinson authority to appear for him did not render the judgment irregular.   The summons had been served personally on both the defendants, and no collusion on the part of the plaintiff with any one is established.   Mr. Robinson is an attorney and counsellor of this court, and as attorney for both the defendants served notice of retainer, and afterward the offer that the plaintiff take judgment.   The plaintiff had no right to disregard these papers so served by Robinson.   If collusion between the plaintiff or his attorney, and Arnold or the attorney whom he employed, had been satisfactorily established, the case would have been entirely different, and the judgment would, in that case, be set aside as against Conklin.   (Denton and others agt. Noyes, 6 *Johns. R.* 296; Sterne agt. Bentley and McLaughlin, 3 *How. Pr. R.* 331.)

But as between Conklin and Mr. Robinson, there was no authority for the latter to appear and take any step which would result in a judgment.   It has long been settled that one partner cannot confess judgment to be entered against his co-partner.   (Crane and others agt. French and Wilkin, and another case, 1 *Wend. R.* 311, and cases there cited.)

Where, however, the defendant is regularly brought into court by process, and an attorney of the court appears for him, his acts are valid and binding upon the party until he is superseded, unless collusion is shown; and the remedy of the party is against the attorney, for appearing and acting in his name without authority.

Where it appears that the attorney is irresponsible, the court, in order to protect the defendant, in case he swears to merits, will let him in to defend, allowing the judgment to stand as security.   In this case Conklin has sworn to merits; and

although there is no allegation of any want of responsibility on the part of Mr. Robinson, yet as it is conceded that he has acted in good faith, and as there appears to be no disposition to involve him in any pecuniary responsibility, I am disposed to order that the defendant Conklin be let in to answer the complaint and defend the action, the judgment and levy in the mean time to stand as security. All further proceedings thereon on the part of the plaintiff to be stayed until the further order of the court, on payment of seven dollars costs of opposing this motion.