ELLSWORTH *vs.* CAMPBELL and others.

Where the act of an attorney, in appearing in an action without authority and suffering or confessing a judgment against a person who has not employed him, results in charging an innocent party with a debt which he does not owe, and in creating a lien which may deprive him of his property against his will, and without his fault, it is a wrongful act, and one which the courts are bound to redress.

In such a case the party will not be compelled to seek his remedy against the attorney.

The court will stay all proceedings upon the judgment, but it will preserve the lien which the plaintiff has acquired by his judgment, and give the defendant an opportunity to plead, if he has any plea to make, to the merits.

APPEAL from an order made at a special term, denying the application of the defendant Campbell to set aside a judgment entered against him for the amount of a deficiency occurring on a sale of mortgaged premises, and for leave to him to come in and defend the suit.

*John C. Dimmick,* for the plaintiff.

*Butler, Evarts & Southmayd,* for the defendant.

*By the Court,* BROWN, J. This is an action commenced in July, 1853, to foreclose two mortgages, one of which is dated November 1st, 1846, and the other on the 10th day of May, 1847, made by the moving party, George W. Campbell, and one Horatio N. Fryatt, upon certain leasehold premises, with the buildings and machinery thereon, situate on the Wallabout road in the city of Brooklyn. No summons, process or papers of any kind, to appear in the action, were personally served upon the defendant Campbell. But Marvin & Prime, two of the attorneys of this court, upon the retainer of the defendant Fryatt, appeared both for him and Campbell, and received a copy of the complaint, which they omitted to answer. Judgment was taken in the usual form, and upon the usual affidavit, for want of an answer, for the foreclosure and sale of the mortgaged premises, and that the sheriff in his report

of the sale should specify the amount of the deficiency, if any, and that the plaintiff should have judgment against George W. Campbell and Horatio N. Fryatt for such deficiency.

The judgment was executed by the sheriff of the county of Kings, and the mortgaged premises sold for the sum of $7000, and the deficiency reported by the sheriff was $4879.15, for which a personal judgment was entered and docketed against the defendants Campbell and Fryatt, in the office of the clerk of the county of Kings, on the 22d day of November, 1855. The defendants Campbell and Fryatt had been copartners in business under the name of Fryatt & Campbell, and were such when the mortgages were made. But afterwards, and before the execution of the deed of release to which I shall presently refer, the connection was dissolved and the copartnership ceased. On the 10th July, 1851, the defendant Campbell, in pursuance of the provisions of the act for the relief of partners and joint debtors, passed April 18, 1838, made a separate compromise of the joint indebtedness of Fryatt & Campbell with certain creditors of the firm, including the plaintiff. Thereupon the plaintiff, in pursuance of such compromise, by an instrument bearing date July 10th, 1851, duly executed under his hand and seal, released and discharged the defendant Campbell from all debts, demands, claims and liabilities which the plaintiff had against him jointly with his late partner, Fryatt, and did also by the said written instrument covenant not to sue, implead or vex the defendant Campbell by reason of any such debts, claims or demands. The defendant Fryatt had no authority or request of any kind from Campbell to employ Marvin & Prime, or any other attorney, to appear for him in the action, and whatever was done was entirely without the knowledge, assent or approbation of Campbell. He had no knowledge of the existence of the judgment against him until about the 1st of June, 1857, when he discovered it in consequence of making a search for judgments in the clerk's office. He thereupon applied to the plaintiff to release the judgment and to discharge his property from the lien thereof, which the

plaintiff refused to do. He then made a motion at the special term for an order vacating the judgment entered against him for the deficiency, which was denied, and hence this appeal.

As there is no dispute about the facts upon which the defendant Campbell claims to be relieved, the special term doubtless adopted and acted upon the idea that the judgment was regular, and the remedy, if any, was against the attorneys who compromised him without authority. There are decisions in England and in some of the states of this confederacy, which hold that although the attorney has acted without authority, and entered the appearance of a party with or without process having been served upon him, it is a good appearance, and the judgment and proceedings regular, and the remedy of the injured party is against the attorney, and not by an application to the court to be relieved against his acts in the action itself. The rule is said to be subject to this modification, that if the attorney be insolvent and unable to respond to the party injured, the court will set aside the judgment; for otherwise he has no remedy and might be undone by that means. This qualification of the rule shows that it is vicious in principle. The act of an attorney is either right and legal in itself, and then it should be upheld, or it is wrong and illegal, and should be set aside irrespective of extrinsic matter. The ability or inability of the attorney to respond has nothing to do with the question; for to leave the injured party without relief until he should pursue and exhaust his remedy against the attorney, might in many cases result in the destruction of his rights and the loss of his property. The act of the attorney in appearing in an action without authority, and suffering or confessing a judgment against a person who has not employed him, may result, as in the present case, in charging an innocent party with a debt which he does not owe, and in creating a lien which may deprive him of his property against his will and without his fault. It is therefore a wrongful act, and one which the courts are bound to redress. The law of this state

has been administered by a class of men too conscientious and too enlightened not to feel the force of this view; for while recognizing the existence and force of the rule as given in some of the English authorities, they have modified it and qualified its application so as to disarm it of its most offensive features. In *Denton* v. *Noyes*, (6 *John.* 296,) Chief Justice Kent says: "This rule of law, though perfectly well settled, would often-times be unjust in its operation if it was not so restrained as to save the party who may be affected by it from injury. It was therefore wisely laid down by the king's bench in the time of Lord Holt, (1 *Salk.* 88,) that if the attorney for the defendant be not responsible or perfectly competent to answer to his assumed client, they would relieve the party, against the judgment, for otherwise a defendant might be undone. I am willing to go still further, and in every such case to let the defendant in to a defense to the suit." I am disposed, therefore, to prevent all possible injury to the defendant, and at the same time to save the plaintiff from harm. This can be done by preserving the lien which the plaintiffs have acquired by their judgment and giving the defendant an opportunity to plead, if he has any plea to make to the merits. The same course was adopted in the case of *Grazebrook* v. *McCreedie*, (9 *Wend.* 437,) which was an action against copartners, the process served upon one defendant only, who employed an attorney, and the latter gave a cognovit for both. So also in *Blodget* v. *Conklin & Arnold*, (9 *How. Pr. Rep.* 442,) which was a case against joint debtors and the summons served upon both, and a consent by an attorney employed by one of the defendants, that judgment be taken against both, an order was granted, allowing Conkling, one of the defendants, to answer and defend the action. Such must now be deemed the settled practice of the court. It will always afford adequate relief to a defendant, while at the same time it protects a plaintiff who has obtained a judgment, as far as he can be protected, from some of the injurious consequences to which he might be exposed by the delay.

The order made at the special term must be reversed, and an order entered staying all proceedings upon the judgment for the deficiency against the defendant George W. Campbell, until the further order of the court. Within twenty days after the service of a copy of the order to be entered hereon, the plaintiff shall deliver to the attorneys for the defendant Campbell a copy of the complaint in this action, and to so much thereof as claims to recover from him any part of the mortgage debt he shall put in his answer within the usual time, and the issue thus formed shall then proceed to a determination in the usual manner. Ten dollars, the costs of the motion at the special term, and ten dollars, the costs of this appeal, are awarded to the defendant George W. Campbell, if he shall finally succeed in his defense. All other directions are reserved until the further order of the court.

[KINGS GENERAL TERM, February 13, 1860. *Lott, Emott* and *Brown,* Justices.]