MAYOR, ETC., OF CITY OF NEW YORK *v.* SMITH *et al.*

(*Superior Court of New York City, General Term.* October 24, 1892.)

1. OPENING JUDGMENT—UNAUTHORIZED APPEARANCE.

The rules that to render a judgment effectual the parties interested must be subjected to the process of the court by personal service, that an appearance is equivalent to such service only when the appearance is authorized, that there can be no such authority unless the relation of attorney and client exists, and that the court must in a direct proceeding for the purpose relieve a defendant unconditionally from a judgment entered on an appearance by an unauthorized attorney, apply only to foreign, and not to domestic, judgments.

2. SAME—VALIDITY—RIGHT TO RELIEF.

A domestic judgment, rendered by a court of general jurisdiction against a resident who has not been served with process, but for whom an attorney of the court has appeared, though without authority, is neither irregular nor void; but a party is entitled to relief when an unjust judgment has been rendered against him by the appearance of an unauthorized attorney if he seeks relief promptly by motion in the action, though resort to a court of equity should not be had unless special circumstances render it necessary.

3. SAME—ALLOWING JUDGMENT TO STAND AS SECURITY.

Whether a judgment entered on an unauthorized appearance ought to be vacated entirely, or allowed to stand as security, with permission to defendant to come in and defend, is a question addressed to the discretion of the court in which the judgment was recovered, to be decided according to the circumstances of each case.

4. SAME—WHEN VACATED.

Twenty-four years after the commencement of a suit in which an attorney made an unauthorized appearance for defendant judgment was entered against defendant by default. It appeared that the appearance was made in the "N. Y. supreme court," whereas the action was in the superior court, and the appeal book failed to show by any legal evidence that the complaint in the action was ever served so as

to start the time running within which an answer might be served, as provided by Code Proc. § 130, then in force. It further appeared that the attorney who made the appearance was dead, and the principal for whom defendant had been surety was insolvent, so that defendant's remedies against them, in case he paid the judgment, could avail nothing. *Held* that, in view of such circumstances, the irregularities in the practice, and the laches of plaintiff, the judgment was properly vacated.

Appeal from special term.

Action by the mayor, aldermen, and commonalty of the city of New York against James M. Smith and others. From an order granting a motion to vacate a judgment against defendant Smith, plaintiffs appeal. Affirmed.

The plaintiffs claim that the action was commenced by the service of a summons on the defendant Smith on July 21, 1868, and on the other defendants on July 24 and 25, 1868. That all the defendants appeared in the action August 4, 1868, by Frank S. Smith, as attorney. The notice of appearance is entitled in the "supreme" court, and is for "the defendants," without naming them. It is dated August 4, 1868. No proceedings seem to have been taken in the action until February, 1890, when the corporation counsel served a notice of application for judgment as by default, which motion he subsequently abandoned. The plaintiffs thereafter, and on January 19, 1892, filed with the clerk of this court a judgment roll as by default, reciting the appearance of all the defendants by attorney, and annexing to the roll the notice of appearance aforesaid, whereupon the clerk entered judgment against said defendants for $9,984.18. No proof of the service of the summons or the complaint was annexed, and no legal proof of the service appears in the appeal book. The defendant Smith thereupon moved to vacate the judgment as to him, upon the grounds that no process had ever been served upon him; that he had no knowledge whatever of the action until the service of the notice of application for judgment in 1890, which was abandoned; and that he had never authorized any one to appear in the action for him. The court granted the motion, and vacated the judgment as to said defendant, and from the order aforesaid the plaintiffs appeal.

Argued before McADAM and GILDERSLEEVE, JJ.

*Wm. H. Clark, John J. Delany,* and *T. Farley,* for appellants. *Wm. H. Newman,* for respondent.

McADAM, J. The plaintiffs are certainly guilty of great laches in allowing an action commenced in 1868 to slumber 24 years, when, according to their theory, they were entitled to take judgment as by default for want of an answer in December, 1868. The defendant was sued as surety on a lease made to one Allerton, who, at the time the plaintiffs claim they were entitled to judgment, owned real estate, and was solvent. He is now irresponsible. Under such circumstances, the defendant cannot be censured by being seemingly technical as to the plaintiffs' practice in regard to the manner and form in which their judgment was entered. The court below, in disposing of the motion, inferentially found that the defendant was never served with process; that the appearance interposed for him was without authority; that he had no knowledge of the action until February, 1890, when the plaintiffs served the notice of motion for judgment, which they afterwards countermanded; and that he was out of the jurisdiction of the court during all of July and August, 1868. On these facts one would naturally suppose that the fundamental rules applied, that to render a judgment of a court effectual as one *in personam* it is necessary that the parties interested be subjected to the process of the court by personal service; that the fiction that an appearance is equivalent to such service applied only to cases wherein the appearance was authorized, and that there can be no such authority unless the relation of attorney and client actually subsists; that the suitor had the right to select his own attorney; that the relation cannot be created by the attorney alone; and that the court in which a judgment was entered must, in a direct

proceeding for the purpose, relieve the defendant unconditionally from a judgment entered wholly on an appearance by an unauthorized attorney. But these principles apply only to foreign, and not to domestic, judgments. *Ferguson* v. *Crawford*, 70 N. Y., at page 257; *Kerr* v. *Kerr*, 41 N. Y. 272; *Hoffman* v. *Hoffman*, 46 N. Y. 30. The reason for the distinction seems to be that it would be unreasonable to require the defendant to go to the court of the foreign state which rendered it, and attack it directly by a bill or motion; hence he is permitted to plead the want of authority in the attorney defensively and collaterally; whereas, in the case of a domestic judgment, it is deemed better to force the party to assail it directly in the jurisdiction of his domicile, (thus giving the court an equitable control over the proceedings,) by precluding him from resorting to the plea of want of authority in the attorney, collaterally as a defense to a *scire facias*, or direct action on the judgment, (Wells, Attys. p. 358;) hence a domestic judgment rendered against a resident by a court of general jurisdiction against a party who has not been served with process, but for whom an attorney of the court has appeared, though without authority, is neither void nor irregular, (*Denton* v. *Noyes*, 6 Johns. 296, followed as authority in *Vilas* v. *Railroad Co.*, 123 N. Y., at page 453, 25 N. E. Rep. 941.) And see *Powers* v. *Trenor*, 3 Hun, 3; *Adams* v. *Gilbert*, 9 Wend. 499; *Sperry* v. *Reynolds*, 65 N. Y. 183; *Leet* v. *McMaster*, 51 Barb. 242; and kindred cases. Still a party is entitled to relief when an unjust judgment, though a domestic one, has been rendered against him by fraud or collusion, or by the appearance of an unauthorized attorney, if the party seeks the relief by bill or motion promptly, (Wells, Attys., p. 359;) but, unless special circumstances necessitate a resort to a court of equity, relief by motion in the action in which the unauthorized appearance was entered is proper, (*Vilas* v. *Railroad Co.*, *supra.*) The practice warrants a party in giving faith and confidence to one who, by law, is authorized to hold himself out as a public officer, clothed with power to represent others in court, and when an attorney appears for a party his appearance is recognized, and his authority will be presumed, to the extent, at least, of giving validity to the proceeding, (*Ferguson* v. *Crawford*, *supra*; *Hamilton* v. *Wright*, 37 N. Y., at page 504; *Brown* v. *Nichols*, 42 N. Y. 26,) which is the reason why an appearance by an attorney without warrant is good as to the court, (*Denton* v. *Noyes*, *supra.*) It is the official position of the attorney as an accredited officer of the court that gives rise to the implication that he possesses the authority he assumes to exercise, for in ordinary cases the presumption does not attach; and where one is sought to be bound by the act of another, who assumed to act as his agent, the party seeking to hold him bound by such act must show the agency. The object of the direct proceeding to the court which rendered the judgment is to enable it to give the relief necessary without doing injustice to the plaintiff, or to innocent third persons, who may have acquired rights under the judgment.

Whether the judgment ought to be vacated entirely or allowed to stand as security with permission to the defendant to come in and defend, is a question addressed to the discretion of the court in which the judgment was recovered, to be exercised upon equitable principles in furtherance of justice, according to the peculiar circumstances of each case, for, as the court of appeals in *Sperry* v. *Reynolds*, 65 N. Y., at page 182, said: "The courts can, in the action in which the unauthorized appearance has been put in, give a party such relief against it as he ought to have." In *Ferguson* v. *Crawford*, *supra*, it was held that while an unauthorized appearance would bind the defendant, he was not precluded from showing that the paper was a forgery. In *Burton* v. *Sherman*, 20 Wkly. Dig. 419, the court held that there was no distinction between a forged notice of appearance and an appearance by an attorney not authorized to give it, as the notice in neither case reaches the party. This case is not in harmony, however, with the controlling authorities upon the

subject.  In *Vilas* v. *Railroad Co.*, *supra*, the rule in regard to judgments entered on unauthorized appearances was reaffirmed, but the case distinguished from those concerning domestic judgments, because the defendant was a resident of another state, and not within the jurisdiction of the court; and it was held that the rule relating to foreign judgments applied to one so situated, and that the court below ought to have vacated the judgment.  See, also, *Nordlinger* v. *De Mier*, (Sup.) 7 N. Y. Supp. 463.   The defendant here was out of the jurisdiction of the court at the time of the unauthorized appearance, but, being a resident of the city of New York, the exception in favor of nonresidents of the state does not apply.  In some cases the courts have denied all relief in cases of domestic judgments, leaving the injured party to seek his remedy against the attorney (where he appeared to be a responsible person) either by summary application or action.   *Insurance Co.* v. *Oakley*, 9 Paige, 499, and kindred authorities.  The attorney who appeared for the defendant is dead, and it is not shown whether he left any estate to which the defendant may resort, and it is more than likely he will find no productive remedy in that direction.  Denying a defendant injured by an unauthorized appearance any relief in the action, compelling him to pay a judgment of which he knew nothing until an execution was presented for its collection, and then leaving him to the uncertain remedy of a suit against the attorney who assumed to act for him, seemed so inequitable that in *Ellsworth* v. *Campbell*, 31 Barb. 134, it was held that the injured party should not be confined to his remedy against the attorney, even though the latter be responsible; and that the court should, in any case of unauthorized appearance, give the injured party leave to come in and litigate the case on the merits, preserving meanwhile the lien of the judgment.  In *Blodget* v. *Conklin*, 9 How. Pr. 444, it appeared that the attorney was irresponsible, and the court, to protect the defendant, permitted him to come in on swearing to merits, and allowed the judgment to stand as security.  In *Denton* v. *Noyes*, *supra*, the relief afforded was to stay proceedings on the judgment, and allow the defendant to come in and defend the action.  In these cases there were no laches on the part of the judgment creditor.  Here we have judgment creditors who have slept on their rights for 24 years without a move on their part.  The lips of the attorney who appeared are sealed in death, and Allerton, for whom the defendant became surety, has become insolvent.  Under these circumstances, the terms imposed in the cases cited would not reinstate the defendant to the position he occupied when the unauthorized appearance was given.  The authorities all concede that the court has power in any case to award proper relief to a defendant against an unauthorized appearance; they differ only as to the extent of the relief which ought to be granted.  None of the cases deny the power of the court to set aside the judgment altogether where that extreme course would not be inequitable to the plaintiff, nor infringe on the rights of others.  The defendant, knowing nothing to the contrary, had the right to assume that the obligation for which he was surety had been discharged by payment, or had ceased to be enforceable by reason of the statute of limitations.  The liability is to be continued, if at all, by force of the unauthorized appearance by an attorney given 24 years ago, and never acted upon until recently.  This requires us to examine the notice of appearance critically, and to construe it more strictly against the plaintiff than we might have done but for this unusual delay.  The appearance is in an action in the "supreme" court, while the present litigation is in the "superior" court.  Such an error might, in many instances, constitute a mere irregularity, waived by retaining the paper.  Such was the construction put upon an answer entitled "supreme" instead of "superior" court, (*Williams* v. *Sholto*, 4 Sandf. 641;) but the plaintiff in that case did not depend upon the answer for the court's jurisdiction to act.  That had been acquired by the personal service of process.  For that reason the case is distinguishable from this.  In

the present instance the jurisdiction of the court is made.to depend exclusively on the appearance of the attorney, and, if this did not authorize the superior court to act upon it, the judgment entered is not only without authority, but void. In a jurisdictional aspect, the title of the court became an essential and inseparable part of the notice, as much so, apparently, as the name of a bank on a check, or a particular individual as drawee on a draft. The creditor could not, in such a case, treat the instrument, at his option, as drawn upon another institution or individual. If the defendant sued the estate of his attorney, he would have to overcome this objection, and the question is whether such a notice of appearance, not followed by the service of a complaint, "as demanded by the terms of the notice," or of any other papers entitled in the "superior" court, (and there is no such proof in the appeal book,) would make the estate liable for the superior court judgment. Indeed, nothing whatever was done by the plaintiffs in recognition of the notice as an appearance in this action, and the fact that the complaint demanded by the notice was not served rather indicates that the plaintiffs' counsel elected to treat the notice as a nullity. Section 130 of the Code, in force when the appearance was given, provides that "a copy of the complaint need not be served with the summons. In such a case the summons must state where the complaint is or will be filed; and if the defendant, within twenty days thereafter, causes notice of appearance to be given, and in person or by attorney demands in writing a copy of the complaint, specifying a place within the state where it may be served, a copy thereof must, within twenty days thereafter, be served accordingly, and after such service the defendant has twenty days to answer, but only one copy need be served on the same attorney." The appeal book fails to show by any legal evidence that the complaint was ever served, so as to start the time when the 20 days within which an answer might be served commenced to run. This departure from practice would make the judgment irregular, even if the notice of appearance conferred jurisdiction, and, if it did not, proof of service of the summons was required before the clerk was authorized to enter judgment. Old Code, § 246; New Code, § 1212. It seems to us, in view of the facts, that the notice of appearance either binds the defendant in the form in which it was used, or it is not binding on him at all, and that it cannot be altered or enlarged by any act of the creditor to which he did not assent, in the absence of some authority or ratification on the part of the person to be charged. An appearance entitled in the "N. Y. supreme court" would hardly be held to confer jurisdiction on the "superior court of Cook Co., Illinois," nor *vice versa*, yet there is no substantial difference between the illustration put and the case at bar. If such a holding were sustained, orderly practice would be disregarded, and confusion, worse confounded, welcomed in its place.

In *Bank* v. *Boyd*, 3, Denio, 257, it was held that a warrant to confess judgment, executed by residents of Pennsylvania, which, by a fair construction of its terms, contemplated a judgment in a court in that state, will not uphold a judgment entered in this state. The warrant in that case, like the notice in this, was the sole thing upon which jurisdiction depended, and where it contemplated proceedings in one court they were deemed unauthorized in another. If the rights of third parties had intervened, there might be some justification in attempting to uphold the judgment, leaving the defendant to whatever remedy there might be against the attorney or his estate, but no such rights have accrued. If there have been no laches on the part of the plaintiffs, or even a reasonable delay, there might perhaps be some reason for permitting the judgment to stand, and allowing the defendant to come in and defend on proving merits, as was done in the three cases cited. But the plaintiffs, of their own volition, waited until 24 years had passed, until the attorney who appeared in the action had passed to his final home, and then *ex parte*, and on defective proofs, entered their judgment. When informed of the *status*

of the case by the notice of motion in February, 1890, the defendant sent one Newman to the corporation counsel, and told him that the defendant could not be the James M. Smith intended. The notice of motion was withdrawn, and a promise given that nothing further would be done without notice. No notice was given until the defendant was informed of the judgment, and he took prompt measures to have it vacated by direct proceedings in the action. If, under such circumstances, the plaintiffs are in any manner aggrieved by reason of the the running of the statute of limitations or otherwise, it is the result of inexcusable laches on their part, which cannot be charged to the defendant. In view of all the facts; the long delay on the part of the plaintiffs; the changed financial condition of the principal debtor, for whom the defendant was merely surety; the circumstance that the notice of appearance is in an action in the "supreme court," with the want of authority in the attorney to appear at all; and for the irregularities in practice specified,—we think the court below was justified in vacating the judgment unconditionally. There was no absence of power, no abuse of discretion. The order appealed from must therefore be affirmed, with costs.