MARY CAREY, as Administratrix, and AUGUSTUS STUMP-FEL, as Administrator, etc., of FRANK CAREY, Deceased, Respondents, *v.* JAMES J. BROWNE, Appellant.

*Opening a judgment entered by default — service of the proposed answer.*

While the granting or refusing a motion to set aside a judgment entered by default rests to a great extent in judicial discretion, to be exercised by the Special Term, the exercise of that discretion in favor of the judgment-creditor should not be without due regard to the protection of the rights of the party who has not had his day in court, and who excuses his default.

It is not absolutely necessary to serve the proposed answer with the motion papers to open a default for a failure to appear in an action, if sufficient appears in the affidavit to show the nature of the defense and the court can see the good faith of the party in asking to defend.

APPEAL by the defendant, James J. Browne, from an order, made at the Saratoga Special Term, entered in Montgomery county on the 10th day of October, 1892, denying the defendant's motion to open a default taken against him, and to set aside the judgment entered upon such default, against him and in favor of the plaintiffs, in the office of the clerk of Montgomery county on the 30th day of August, 1892.

The action was brought in Montgomery county to recover $500, as damages, being the value of a certain oil painting alleged to have belonged to Frank Carey, the plaintiff's intestate, at the time of his death, on January 30, 1890, and to have been wrongfully converted by the defendant about January 20, 1892.

The summons alone was personally served on the defendant, July 13, 1892, at Brooklyn, where he lives, and the time for him to appear expired August 2, 1892. Not having appeared, an order for judgment and for a writ of inquiry was obtained by the plaintiffs August 13, 1892, and an inquisition having been had before a sheriff's jury, judgment was entered for $500 and costs on August 30, 1892. The defendant, under an order to show cause, dated October 3, 1892, made a motion at the Saratoga Special Term on October 10, 1892, to open the default and set aside the judgment, which motion was denied, and from the order denying the motion the defendant took this appeal.

*Foley & Wing*, for the appellant.

*H. Dunkel*, for the respondents.

MAYHAM, P. J.:

The affidavits on this motion disclose that the defendant was served with a summons in this action without a complaint, and that a short time after such service he was taken seriously ill and remained in that condition for about five weeks, during most of the time compelled to remain in a dark room by reason of some disease of his eyes. That while in that condition he lost the summons, and, as soon as he was sufficiently recovered, he wrote to plaintiff's attorney for a copy of the summons, but got no response until presented by the sheriff with an execution issued upon the judgment obtained by default in the action.

I think the defendant so far excused his default as to entitle him to be let in to defend this action on terms. The defendant in his affidavit states facts, in addition to the affidavit of merits, which show that he purchased this picture and paid for it of the person in whose possession it was, and while on a trial it may turn out that the person of whom he purchased it was not the true owner and had not the right to sell the same, yet, I think he should, if he desire, have the opportunity of litigating that question, and that he has sufficiently excused his default to entitle him to relief under section 783 of the Code of Civil Procedure.

On the whole proof on this motion the title to the picture in controversy is by no means free from doubt, and while the granting or refusing a motion to set aside a judgment is to a great extent a judicial discretion, to be exercised by the Special Term, the exercise of that discretion in favor of the judgment-creditor should not be without due regard to the protection of the rights of the party who had not had his day in court, and who excuses his default. (*Fassett* v. *Talmadge*, 15 Abb., 206; *Bank* v. *Gifford*, 40 Barb., 659; *Ellsworth* v. *Campbell*, 31 id., 134.)

It is not absolutely necessary to serve, with motion papers to open a default, the proposed answer, if sufficient, appears in the affidavit to show the nature of the defense, and the court can see the good faith of the party in asking to defend. (*Palmer* v. *Van Orden*, 17 J. & S., 89.)

No injustice can be done the plaintiff by allowing the judgment to stand, and at the same time permitting the defendant to come in and defend on such terms as will indemnify the plaintiff for all steps taken by her after the default.

The defendant may answer in this case upon payment of all costs and disbursements after defendant's default, which are included in the judgment, and ten dollars costs of this motion and printing disbursements, and serving an answer herein within twenty days after the announcement of this decision, the judgment already entered to stand as security, and on compliance with above conditions the order of Special Term appealed from is reversed.

PUTNAM and HERRICK, JJ., concurred.

Order reversed and default opened on the defendant's complying with conditions in memorandum of opinion, the judgment to stand as security.